DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Kevin and Mary Sherlock, appeal pro se from the decision of the Akron Municipal Court which dismissed their suit against Appellee, Roger Myers. We affirm and award sanctions against Appellants.
 {¶ 2} On January 1, 2004, Appellants filed a complaint in the Small Claims Division of Akron Municipal Court. Soon thereafter, Appellants filed a motion to change venue, which was denied. The court, however, sua sponte transferred the case from the Small Claims Division to Akron Municipal Court's regular docket. Appellee filed a motion to dismiss on February 11, 2004. The court granted the motion. Appellants timely appealed from that decision, raising a slew of unnumbered and interconnected errors for our consideration.
 {¶ 3} We first note that pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. Martin v. Wayne Cty. Natl. Bank, 9th Dist. No. 03CA0079, 2004-Ohio-4194, at ¶ 14. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. Kilroy v.B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. Sinsky v. Matthews (Dec. 12, 2001), 9th Dist. No. 20499, at 5. This Court, therefore, must hold Appellants to the same standard as any represented party.Martin at ¶ 14.
 {¶ 4} Appellants include only five legal citations throughout their original brief: R.C. 2921.11, R.C. 2744.03, R.C. 1925.09, Civ.R. 6, and Loc.R. 16.[1] Both the Ohio and Local Appellate Rules require an appellant to "include in his brief * * * the reasons in support of the contentions [of Appellant], with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7); Loc.R. 7(A)(7) ("The argument shall contain * * * the supporting reasons with citation to the authorities and statutes on which the appellant relies"). Appellants have the burden of affirmatively demonstrating error on appeal. See Angle v. Western Reserve Mut.Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecskav. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 3. Where an appellant fails to cite to any law supporting their assignments of error, it is not this court's duty to create an argument for them. Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 22.
 {¶ 5} Taking into consideration that we must hold pro se litigants to the same standards as those represented by counsel, we will only consider arguments related to Appellants' five legal citations which refer to issues properly before this Court.
 ASSIGNMENT OF ERROR I
"Whether under [Civ.R.] 12(B)(6), the trial court properly dismissed [Appellants'] Complaint."[2]
 {¶ 6} In a number of their assigned issues, Appellants argue that the trial court erred by dismissing their complaint. Appellants insist that the immunity defense is unavailable to Appellee in this case because he was not acting in the course and scope of his duty as a city policeman by "commit[ing] perjury, suborn[ing] perjury, fil[ing] a false written statement, and wrongfully participat[ing] in a police investigation while a subject to avoid blame." They further state that they "did not sue [Appellee] for negligence; they sued him for lying to cover up causing an accident, because it was the perjury and other illegal acts of dishonesty [Appellee] committed that caused them damages."[3] Therefore, they opine that it was improper for the trial court to dismiss the case based on any defense of immunity. We find Appellants' contentions meritless.
 {¶ 7} R.C. 2921.11(A) prohibits perjury: "No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material." Perjury, however, is a strictly criminal act which may not be the subject of a civil suit. Costell v. Toledo Hospital
(1988), 38 Ohio St.3d 221, 223-24. As the only cause of action under which Appellants claim damages is one that does not exist as a civil suit, the trial court properly dismissed the complaint under Civ.R. 12(B)(6).[4] The issue of immunity under R.C.2744.03(A)(6)(a) is rendered moot by such a determination. Appellee needed no immunity from an action that is not cognizable as a civil suit. We overrule Appellants' assignments of error as they relate to this issue.
 ADDITIONAL ASSIGNMENTS OF ERROR {¶ 8} Appellants further raise three procedural issues which are supported by one legal citation each. First, Appellants maintain that Appellee improperly served them with interrogatories in a Small Claims Court case, an act prohibited by R.C. 1925.09. Second, Appellants state that Appellee failed to follow the mandates of Civ.R. 6 — Appellants received Appellee's motion to dismiss only six days prior to the preliminary hearing set by the court. Finally, Appellants allege that the trial court failed to properly conduct the preliminary hearing under Loc.R. 16. We find that each contention is without merit.
A. R.C. 1925.09: Interrogatories in Small Claims Court
 {¶ 9} Unless the court grants leave, R.C. 1925.09 prohibits interrogatories in small claims court. This Court can find no case law directly on point as to what remedy should be afforded where a party serves interrogatories in small claims court in violation of this statute. However, this circumstance is extremely similar to a case where a party serves more than the permitted number of interrogatories under Civ.R. 33(A). When a party fails to follow the mandates of that rule, and serves additional interrogatories without leave of court, "the party upon whom the interrogatories have been served need only answer or object to the [permissible] interrogatories." Civ.R. 33(A). The remedy is carte blanche for a party not to answer the improper interrogatories. Applying that rationale to the case at bar, the proper remedy for any alleged improper service of interrogatories would be to allow Appellants simply to ignore them, and not penalize Appellants for any failure to respond. The remedy is not, as Appellants suggest, a reinstatement of their claim. We overrule Appellants' assignments of error as they may relate to the alleged improper use of interrogatories in a small claims case.
B. Civ.R. 6: Notice of Hearing on Motion to Dismiss
 {¶ 10} Civ.R. 6(D) requires service of a motion upon other parties at least seven days prior to a hearing on that motion. Civ.R. 6(E) allots an additional three days notice in cases where the motion is served on a party by mail. The permissible time period may be shortened by order of court. Civ.R. 6(D).
 {¶ 11} In this case, the court served notice to all parties on January 29, 2004, of a pretrial hearing to be held February 13, 2004. Although the docket reflects that Appellee filed his motion to dismiss on February 11, 2004, Appellants admit receiving a copy of the motion on February 6, 2004, six days prior to the hearing. The judge apparently entertained arguments related to the motion to dismiss at the February 13 hearing.[5] From the information available in the record, it is apparent that Appellants never requested a continuance, or in any way challenged the aptness of the court's consideration of arguments related to the motion to dismiss at that preliminary hearing. Following the filing of additional briefs by the parties after the hearing, the trial court granted Appellee's motion to dismiss on February 20, 2004. None of Appellants' post-hearing motions contest the propriety of the court's entertaining of arguments on the motion to dismiss at the hearing.
 {¶ 12} Not only did Appellants fail to raise this issue at the trial court level, where the judge could properly have addressed it, they also do not argue that the limited time period deprived them of an adequate opportunity to respond to the motion. Appellants only state that the timing of the motion was "an unethical stunt gone awry because [Appellee] didn't have [Appellants] served within [the correct time period]." Given that Appellants failed previously to challenge, in any way, the court's consideration of the motion to dismiss at the February 13 hearing, we find that Appellants have waived this argument on appeal. See State v. Garlinsky (Feb. 10, 1995), 11th Dist. No. 93-T-4936. Accordingly, we overrule Appellants' assignments of error as they relate to this issue.
C. Loc.R. 16: Preliminary Hearing Procedure
 {¶ 13} In their final supported argument, Appellants claim that the trial court erred by failing to follow proper procedure at the preliminary hearing under Loc.R. 16. Appellants' brief states:
"[Loc.R.] 16 states the pretrial hearing requires a preliminary hearing statement with a set format. * * * The preliminary hearing instructions tell the litigants to be prepared for evidence questions, stipulations to facts and law, and other issues, and to be prepared to discuss the possibility of settlement. * * *
"[Appellants] complied with the local rules and were prepared to discuss evidence questions, stipulations to facts and law, and other issues, and were prepared to discuss the possibility of a settlement. In fact, they addressed these questions formally in their preliminary hearing brief.
"The record reflects that [the judge] did not really address these issues, but merely asked a few questions relating to [Appellee's] motion to dismiss the case, a motion that he should have forbidden because it was improperly served, and falsely argued.[6]
"[The judge's] failure to conduct a proper preliminary hearing either showed his prejudice against [Appellants] or showed he avoided getting the information he needed to render an accurate and just decision. (Or maybe [the judge] showed by his lapses that he is no longer physically or mentally capable of doing a credible job as a judge.) His lack of curiosity in failing to hear issues and his failure even to go through the motions of running a legal preliminary hearing indicate he already knew he would dismiss the case, legally or not."
 {¶ 14} As noted above, this Court does not have a transcript of the preliminary hearing. As such, we must assume the regularity of that proceeding. Cuyahoga Falls v. Foster, 9th Dist. No. 21820, 2004-Ohio-2662, at ¶ 11. Further, in regard to Appellee's failure to file a preliminary hearing statement under Loc.R. 16, Appellants have the burden to show not only that the court failed to follow a local rule, but that such failure resulted in prejudice to Appellants. In re J.B. B.B., 9th Dist. Nos. 03CA0024-M and 03CA0025-M, 2003-Ohio-4786, at ¶ 16. Because the trial court properly dismissed Appellants' claim for perjury, they have failed to show prejudice resulting from the court's alleged failure to follow the local rules. We overrule Appellants' assignments of error as they relate to this issue.
 APPELLEE'S MOTION FOR SANCTIONS {¶ 15} Appellee in this case has requested an award of sanctions against Appellants for filing a frivolous appeal. "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." App.R. 23. See, also, Cardone v. Cardone (Aug. 30, 2000), 9th Dist. No. 19867, at 10-11. An appeal is frivolous where it "presents no reasonable question for review." Talbott v. Fountas (1984),16 Ohio App.3d 226, 226. This Court has the discretion to determine whether sanctions are warranted. Transamerica Ins. Co. v. Nolan (1995),72 Ohio St.3d 320, 322. Absent an abuse of discretion, that determination will not be overturned. Id.
 {¶ 16} We find that this appeal is frivolous. Appellants filed a civil suit to collect damages under a statute which does not provide a civil remedy. As discussed above, they failed to properly raise any arguable issue of law or fact which may have supported a legally cognizable civil cause of action. In accordance with R.C. 2505.35, Appellants are ordered to pay $200 in attorney fees and all court costs for this appeal. SeeBarnoff v. George Singler Enterprises, Inc. (Nov. 1, 1995), 9th Dist. No. 2419-M, at 4; Jackson v. Kuhns (Feb. 15, 1995), 9th Dist. No. 94CA005869, at 5; Shuler v. McKinney (Sept. 9, 1992), 9th Dist. No. 91CA005231, at 2.
 {¶ 17} We overrule Appellants' assignments of error, without addressing those not supported by legal citation or otherwise waived, and affirm the judgment of the Akron Municipal Court. Further, we direct Appellants to pay Appellee $200 towards Appellee's attorney fees in defending this frivolous appeal.
Judgment accordingly.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Whitmore, P.J., Boyle, J., concur.
[1] Appellants also cited to R.C. 2921.13, dealing with falsification, and additional legal authority in their reply brief. However, this is the first time that Appellants have brought these statutory sections to the attention of the court in this case. The trial court papers are devoid of any reference to these specific sections or their accompanying claims, and Appellants have continuously alleged that this case is only about "perjury, * * * suborning perjury, filing a false police report, and wrongful participation in a police investigation while a subject." As Appellants did not bring these further issues and statutory sections to the attention of the trial court below, they have waived the accompanying arguments on appeal. See Statev. Awan (1986), 22 Ohio St.3d 120, 123.
[2] This is actually the issue stated by the Appellee in his brief. The issues assigned by Appellants are not as succinctly stated.
[3] Further reiterating this argument, Appellants on more than one occasion have stated that "[t]hey didn't sue [Appellee] for driving like Barney Fife, but for lying like Bill Clinton[.]" This Court is, in no way, rendering any opinion on the truth or falsity of the accusations of Appellants or the prior statements of Appellee.
[4] As noted above, Appellants waived any arguments relating to a falsification claim by failing to bring that claim to the attention of the trial court below. As such, they waived this argument on appeal. See Awan, 22 Ohio St.3d 123.
[5] This Court does not have a transcript of those proceedings. Appellants assert that the court considered the motion to dismiss at the hearing. Appellee states that the court granted the motion to dismiss based only on the motion itself, Appellants' brief in opposition, and admissions of the parties. The trial court addressed the motion to dismiss in the same journal entry in which it related information about the preliminary hearing, but the entry is vague as to whether the judge actually listened to arguments related to the motion at the hearing. We are assuming for the sake of argument alone that the court did entertain arguments on the motion at the preliminary hearing. If, on the other hand, the trial court did not do so, no problem exists with the notice provisions of Civ.R. 6.
[6] The record actually does not reflect this. No transcript exists and this Court has no way of knowing what occurred at that hearing.