[Cite as *IndyMac Fed. Bank, FSB v. OTM Invests., Inc.*, 2011-Ohio-3742.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| INDYMAC FEDERAL BANK, FSB | | C.A. No. 10CA0056-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| OTM INVESTMENTS, INC., et al. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellants | | CASE No. 08 CIV 2019 |

## DECISION AND JOURNAL ENTRY

Dated: August 1, 2011

DICKINSON, Judge.

## INTRODUCTION

{¶1} Robert Anthony has appealed the Medina County Common Pleas Court's grant of summary judgment in favor of IndyMac Federal Bank FSB in this foreclosure action. Mr. Anthony's pro se appellate brief is difficult to follow, but it appears that he has assigned four errors. This Court affirms because: (1) verified complaints are not required to institute a foreclosure action in Ohio; (2) IndyMac did not have to present proof of assignment at the time that it filed suit; (3) Mr. Anthony forfeited his opportunity to assert the defense of failure to join a party under Rule 19(A) of the Ohio Rules of Civil Procedure; and (4) he did not show that he was prejudiced by the delay in instituting his appeal.

## BACKGROUND

{¶2} In April 2007, Mr. Anthony signed a promissory note for $1,000,000.00 plus 6.25% interest in favor of All State Home Mortgage Corporation. The note was secured by a

mortgage on real property located on River Wood Drive in Hinckley, Ohio. The mortgage deed listed Mortgage Electronic Registration Systems Inc. as the mortgagee and nominee for the lender, All State Home Mortgage Corporation.

{¶3} On November 5, 2008, IndyMac filed a complaint in foreclosure naming as defendants OTM Investments, which held a quit-claim deed from Mr. Anthony, as well as Mr. Anthony and various others. IndyMac alleged that it was owed $1,000,000.00 plus interest on the note, in addition to other charges and fees, as a result of Mr. Anthony's default. IndyMac attached copies of the note and mortgage to its complaint, but did not include any evidence of an assignment. Mr. Anthony, acting pro se, filed a pleading he captioned "Answer to Complaint in Foreclosure; Conditional Acceptance for Value for Proof of Claim; Affidavit." Although not in the form of a typical answer, this pleading asserted that IndyMac was neither the lawful holder of the note nor the assignee of the mortgage. Based on these assertions, Mr. Anthony argued that IndyMac had no legal right to foreclose on the residential property that was the subject of the note and mortgage.

{¶4} IndyMac moved for summary judgment and attached an assignment dated November 14, 2008, by which Mortgage Electronic Registration Systems, as nominee for All State Home Mortgage, assigned all of its interest in the mortgage to IndyMac. Mr. Anthony opposed the motion, and IndyMac replied. On June 17, 2009, the trial court granted IndyMac summary judgment. Mr. Anthony timely filed a notice of appeal in the trial court, but the clerk of courts did not file the notice with this Court until May 2010. In the interim, IndyMac twice attempted to complete a sheriff's sale of the property, but it was stayed on both occasions.

## VERIFIED COMPLAINT

{¶5} Mr. Anthony's first assignment of error is that the trial court incorrectly allowed this matter to be initiated without a verified complaint. Mr. Anthony has not cited any authority for the proposition that a verified complaint was mandatory, and the Ohio Rules of Civil Procedure do not require one. Civil Rule 11 provides that, "[e]xcept when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit." Under that rule, the signature of the attorney of record or pro se party is all that is required to certify that the person has read the document, it is not interposed for delay, and to the best of the person's knowledge, information, and belief there is good ground to support it. Civ. R. 11. Mr. Anthony's first assignment of error is overruled.

## REAL PARTY IN INTEREST

{¶6} Mr. Anthony's second assignment of error is that IndyMac lacked standing to file this foreclosure action against him because it did not show that it was the owner and holder of the note and mortgage deed at issue at the time it filed the complaint. IndyMac filed its complaint on November 5, 2008, with the relevant note and mortgage attached. Neither the note nor the mortgage refer to IndyMac. Mr. Anthony has argued that, without a valid assignment from the original lender, IndyMac lacked standing to file suit against him. Mr. Anthony has acknowledged, however, that, along with its motion for summary judgment, IndyMac filed an assignment to IndyMac dated November 14, 2008.

{¶7} Mr. Anthony has cited the First District Court of Appeals' decision in *Wells Fargo Bank N.A. v. Byrd*, 178 Ohio App. 3d 285, 2008-Ohio-4603, for the proposition that, in a foreclosure action, a company that did not hold a mortgage when suit was filed cannot cure the defect by later obtaining an interest in the mortgage. This Court, however, has held that "a bank

need not possess a valid assignment at the time of filing suit so long as the bank procures the assignment in sufficient time to apprise the litigants and the court that the bank is the real party in interest." *Deutsche Bank Nat'l Trust Co. v. Traxler*, 9th Dist. No. 09CA009739, 2010-Ohio-3940, at ¶11. In *Traxler*, this Court relied on its earlier decision in *Bank of New York v. Stuart*, 9th Dist. No. 06CA008953, 2007-Ohio-1483. In *Stuart*, this Court looked to federal cases and based its decision, at least in part, on the fact that the assignment precluded the assignor from bringing suit against the defendants and the defendants had not shown they were prejudiced by the subsequent assignment. *Id.* at ¶13. In this case, Mr. Anthony has not shown that he was prejudiced by the subsequent assignment of the mortgage to IndyMac. Furthermore, the assignment to IndyMac precludes the prior holders of the note and mortgage from filing suit against Mr. Anthony. Therefore, under *Stuart* and *Traxler*, IndyMac was the real party in interest for purposes of filing this foreclosure action. Mr. Anthony's second assignment of error is overruled.

## JOINDER: CIVIL RULES 12 AND 19

{¶8} Mr. Anthony's third assignment of error is that the trial court incorrectly failed to allow Eugene Wheeler to be joined in this matter. The preliminary judicial report filed by IndyMac shows that Mr. Anthony quit-claimed his right, title, and interest in the Hinckley property to OTM investments. According to Mr. Anthony, the final judicial report of February 27, 2009, shows that OTM Investments quit-claimed all of its right, title, and interest in the property to Mr. Wheeler on October 3, 2008, about one month before IndyMac filed this action. The quit-claim deed from OTM Investments to Mr. Wheeler was not recorded until November 14, 2008, nine days after IndyMac filed its complaint.

{¶9} The record reflects that IndyMac moved for summary judgment on February 17, 2009. On February 24, a magistrate ordered IndyMac to file a final judicial report in compliance with Section 2329.19.1(B) of the Ohio Revised Code. IndyMac filed its final judicial report on February 27, 2009. According to the report, an updated title search revealed that the only activity between October 30, 2008, and the date of the report was a "Quit-Claim Deed, from OTM Investments, Inc. . . . Grantor, to Eugene Winston Wheeler, Grantee, recorded November 14, 2008 as Instrument 2008OR024422 of Medina County, OHIO Records." IndyMac attached a copy of Mr. Wheeler's notarized quit-claim deed to the final judicial report.

{¶10} Mr. Wheeler, a non-party to this action, filed a "Judicial Notice" on May 29, 2009, asserting that he had an interest in the case under the October 3, 2008, deed and requesting to be allowed to enter the case as "a necessary and indispensable party." The trial court granted IndyMac's motion to strike Mr. Wheeler's notice because he was not a party to the case nor licensed to practice law in Ohio. IndyMac has argued that Mr. Anthony failed to preserve his third assignment of error because it "relates to the 'Judicial Notice' filed by [Mr.] Wheeler on May 29, 2009[,]" and Mr. Anthony never asserted this affirmative defense prior to the trial court's ruling on the summary judgment motion.

Civil Rule 19: Failure to Join a Party

{¶11} Rule 19 of the Ohio Rules of Civil Procedure is titled, "Joinder of persons needed for just adjudication." Contrary to popular belief, the word "necessary" does not appear anywhere in Rule 19. Rule 19(A) describes "[p]ersons to be joined if feasible[,]" and Rule 19(B) outlines the analysis a court should apply when a person or persons described in Rule 19(A) "cannot be made a party." Thus, the distinction between subsection (A) and subsection (B) of the rule is merely whether the person can be made a party to the suit.

{¶12} Under subsection (A) of Rule 19, "[a] person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee." Parties meeting this definition must be joined to the suit "if feasible." Civ. R. 19(A).

{¶13} If, however, such a person "cannot be made a party, the court shall determine[, under Rule 19(B),] whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Civ. R. 19(B). Therefore, the question under Rule 19(B) is not whether the person should be joined, but whether the case must be dismissed because the person cannot be joined. In making the indispensability determination, the court is to consider the factors listed in Rule 19(B), such as, for example, "to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties . . . [and] whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." According to the 1970 Advisory Committee Notes to Rule 19, "[R]ule [19] does not arbitrarily denominate persons who should be joined in the action as 'indispensable,' 'necessary' or 'proper' parties. The effect of the rule is that the court should order the joinder of a person needed for 'just adjudication' if he can be served with process or, depending on variable factors, proceed with or dismiss the action if the person needed for 'just adjudication' cannot be served with process."

Forfeiture of the Failure to Join a Party Defense

{¶14} A party may assert the affirmative defense of "failure to join a party under Rule 19" in his answer or, in accordance with Rule 12(B)(7) of the Ohio Rules of Civil Procedure, in a pre-answer motion. Civ. R. 12(B)(7). Although most of the defenses listed in Civil Rule 12(B) are forfeited if not asserted in the answer or a pre-answer motion, Civil Rule 12(H)(2) provides an exception to forfeiture for certain defenses. Civ. R. 12(G), (H). Rule 12(H)(2) provides protection against forfeiture for the more substantial Rule 12(B) defenses of failure to state a claim upon which relief can be granted, failure to join a party indispensable under Civil Rule 19, and an objection of failure to state a legal defense to a claim. Under Rule 12(H)(2), the defense of "failure to join a party indispensable under Civil Rule 19 . . . may be made in any pleading permitted or ordered under Rule 7(A), or by motion for judgment on the pleadings, or at the trial on the merits." The first question for this Court is whether Mr. Anthony forfeited his opportunity to assert his defense regarding the absence of Mr. Wheeler from the lawsuit.

{¶15} Contrary to IndyMac's argument that Mr. Anthony's third assignment of error relates only to Mr. Wheeler's "Judicial Notice," Mr. Anthony asserted the affirmative defense of failure to join a party under Rule 19 at least twice prior to the trial court's ruling on his motion for summary judgment. On March 2, 2009, Mr. Anthony filed a document he called, "Third Party Claim 10 John and Jane Does to be Determined Through Depositions and Interrogatories." On page five of that document, he asserted that IndyMac had "left out necessary an[d] [ir]replaceable defendants on the alleged complaint[.]" Further, in his response to IndyMac's motion for summary judgment, filed the same day, he argued that "[IndyMac] and [its] counsel should have . . . ensure[d] that all necessary parties were named within this alleged complaint attached hereto and incorporated herein copies of quitclaim deed from OTM Investments Inc. to

Eugene Winston Wheeler a[ ] necessary an[d] indispensable part[y] . . . ." Although Mr. Anthony did not file a copy of Mr. Wheeler's quit-claim deed at that time, a copy of the deed had appeared in the record since IndyMac had filed it along with the final judicial report in February 2009. The question for this Court, therefore, is not whether Mr. Anthony raised his failure to join defense in the trial court, but whether he forfeited it by not raising it early enough.

{¶16} Even reading both of Mr. Anthony's initial filings quite broadly, in deference to his status as a pro se defendant, this Court cannot discern an effort to assert the affirmative defense of failure to join a party needed for just adjudication under Rule 19 of the Ohio Rules of Civil Procedure in Mr. Anthony's first pleading or the one he called an answer to the complaint. Because Mr. Anthony did not assert the defense of failure to join a party under Rule 19 in his answer or in a pre-answer motion, he forfeited the opportunity to raise it unless it falls within the forfeiture exception in Rule 12(H)(2).

{¶17} The language of the exception to forfeiture found in Rule 12(H)(2) is not as broad as the language used in Rule 12(B)(7) to authorize a defendant to raise a failure to join defense in a pre-answer motion. Rule 12(B)(7) authorizes a defendant to raise any Rule 19 failure to join defense in a pre-answer motion while Rule 12(H)(2) only saves from forfeiture a defense of failure to join those parties deemed "indispensable" under Rule 19. Despite referring to Rule 19 generally, by using the word "indispensable," Rule 12(H)(2) only saves from forfeiture the Rule 19(B) affirmative defense and not the Rule 19(A) affirmative defense. According to the plain language of Rule 19(B), a person is deemed indispensable if he is someone who "shall be joined as a party" "if feasible" under Rule 19(A), but "cannot be made a party" and, in addition, the court determines "in equity and good conscience [that] the action . . . should be dismissed" in his absence.

{¶18} Ohio eliminated any possible confusion created by Rule 12(H)(2) by discussing the forfeiture issue in Civil Rule 19. Civil Rule 19(A) requires a trial court to order the joinder of a person who is subject to service of process and, either, "(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee." Civ. R. 19(A). Rule 19(A) further specifically provides that the trial court "shall order" that such a person be joined only "upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). [That is, either in an answer or a pre-answer motion.] If the defense is not timely asserted, [forfeiture] is applicable as provided in Rule 12(G) and (H)."

{¶19} In addition to the plain language of Civil Rule 19(A), the Advisory Committee Notes emphasize that timely assertion of a Rule 19(A) defense is required in order to protect it from forfeiture. Section two of Ohio's 1970 Advisory Committee Notes to Rule 19 points out that Ohio's "Rule 19(A) provides that a failure to join a party who should be joined is [forfeited] if not timely asserted." On the other hand, according to section three of the Committee Notes, "Rule 12(H) [provides that] the absence of an indispensable party is not waived during the course of a trial." That explanation comports with the plain language of Rule 12. Under Rule 12(H)(2), only the defense of failure to join a party deemed "indispensable" under Rule 19(B) is protected from forfeiture. The exception does not include assertion of the defense of failure to join those parties described in subsection (A) of the rule who are to be joined "if feasible." It

only protects from forfeiture the failure to timely assert that a party needed for just adjudication cannot be joined so that the case must be dismissed. See Civ. R. 19(B). Therefore, whether Mr. Anthony may benefit from the Rule 12(H)(2) forfeiture exception depends on whether he asserted the defense of failure to join a party "if feasible" under Rule 19(A) or a party "indispensable" under Rule 19(B).

{¶20} When Mr. Anthony raised the issue of Rule 19, he first wrote that IndyMac failed to join an "[ir]replaceable" party and later wrote that Mr. Wheeler was a "necessary an[d] indispensable part[y]." Substantively, he argued that the trial court should order that Mr. Wheeler be joined in this matter because he is the title owner of the property that is the subject matter of this foreclosure action. This may have been a good argument that Mr. Wheeler qualified under Rule 19(A) as a party "needed for just adjudication" and who, therefore, had to be joined "if feasible." Neither Mr. Anthony nor IndyMac, however, argued that Mr. Wheeler "[could] [ ]not be made a party" or that the case had to be dismissed for that reason. Civ. R. 19(B). In fact, the record indicates that Mr. Wheeler was ready and willing to join in the suit. Mr. Anthony never asserted the defense of failure to join an "indispensable" party under Civil Rule 19(B). Thus, he cannot take advantage of the forfeiture exception provided in Civil Rule 12(H)(2). Mr. Anthony forfeited his opportunity to assert the defense of failure to join a party needed for just adjudication under Rule 19(A) by failing to timely assert it in his answer or in a pre-answer motion. Civ. R. 12(B), (G), (H).

{¶21} Litigants may choose to represent themselves in court, but they will be held to the same standard as represented parties. *Smith v. Downs*, 9th Dist. No. 25021, 2010-Ohio-2571, at ¶7 (quoting *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, at ¶3)). Although this Court has held that pro se litigants "should be granted reasonable leeway" in the construction of

their pleadings and motions in order to ensure that courts address issues on their merits if possible, "a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound." *Id.* (quoting *Sherlock*, 2004-Ohio-5178, at ¶3). A pro se litigant "is not given greater rights than represented parties, and must bear the consequences of his mistakes." *Id.* (quoting *Sherlock*, 2004-Ohio-5178, at ¶3). Mr. Anthony's third assignment of error is overruled.

### DELAY OF APPEAL

{¶22} Mr. Anthony's fourth assignment of error is that the delay in instituting his appeal caused him "severe[ ] damage[ ]." Mr. Anthony has asserted that the clerk of the trial court did not transmit the notice of appeal to the appellate court until ten months after he filed it. The record reflects that Mr. Anthony's notice of appeal was filed in the Medina County Common Pleas Court on July 17, 2009, but not filed with the clerk of the appellate court until May 13, 2010.

{¶23} Under Rule 3(A) of the Ohio Rules of Appellate Procedure, in order to take an appeal as of right, a party must file a notice of appeal with the clerk of the trial court within the time allowed. Mr. Anthony timely filed his notice of appeal under Rule 3(A), and this Court permitted his appeal to continue when it belatedly received the document from the trial court clerk. The only argument Mr. Anthony has made regarding how he was damaged by the delay is that it violated his right to a speedy trial. Section 2945.71 governs the right to a speedy trial, but it does not support Mr. Anthony's argument. The statute applies only to criminal matters pending in trial courts. There is no right to a "speedy appeal" in a civil case. Mr. Anthony's fourth assignment of error is overruled.

CONCLUSION

**{¶24}** Mr. Anthony's first assignment of error is overruled because verified complaints are unnecessary to initiate a lawsuit in Ohio's state courts. His second assignment of error is overruled because under this Court's precedent, IndyMac was the real party in interest for purposes of filing this foreclosure action. His third assignment of error is overruled because he waived his opportunity to assert the defense of failure to join a party needed for just adjudication. His fourth assignment of error is overruled because he did not show that the delay in initiating his appeal caused him prejudice. The judgment of the Medina County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                CLAIR E. DICKINSON
                FOR THE COURT

CARR, J.
<u>CONCURS</u>

BELFANCE, P. J.
<u>DISSENTS, SAYING:</u>

**{¶25}** I respectfully dissent as I would conclude that Mr. Anthony's second assignment of error warrants reversal.

**{¶26}** In the instant matter, IndyMac filed its complaint in foreclosure on November 5, 2008, but did not possess a valid interest in the note and mortgage deed until November 14, 2008. I acknowledge that the majority's conclusion that IndyMac had standing to file suit against Mr. Anthony is in conformance with this Court's precedent, see *Deutsche Bank Nat'l Trust Co. v. Traxler*, 9th Dist. No. 09CA009739, 2010-Ohio-3940, at ¶11. Nonetheless, I would conclude that *Bank of New York v. Stuart*, 9th Dist. NO. 06CA008953, 2007-Ohio-1483, the case relied on by *Traxler*, was wrongly decided. Instead, I believe the analysis of the First District Court of Appeals in *Wells Fargo Bank, Nat'l Assn. v. Byrd*, 178 Ohio App.3d 285, 2008-Ohio-4603, provides the correct approach. The *Byrd* court held that, "in a foreclosure action, a bank that was not the mortgagee when suit was filed cannot cure its lack of standing by subsequently obtaining an interest in the mortgage." Id. at ¶16. This makes sense because "[a] party lacks standing to invoke the jurisdiction of a court unless he has, in an individual or a representative capacity, some real interest in the subject matter of the action." Id. at ¶9. Thus, IndyMac lacked standing to even invoke the jurisdiction of the trial court at all because, at the time it filed the

complaint, it had no interest in the mortgage or the note. Thus, I would sustain Mr. Anthony's second assignment of error.

{¶27} As my resolution of Mr. Anthony's second assignment of error would render the remaining assignments of error moot, I would decline to address them.


APPEARANCES:

ROBERT D. ANTHONY, pro se, Appellant.

JASON A. WHITACRE, and KATHRYN M. EYSTER, Attorneys at Law, for Appellee.