[Cite as *Akron v. Harris*, 2012-Ohio-1713.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| CITY OF AKRON | | C.A. No.    25993 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLIE HARRIS | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    11 CV 01854 |

DECISION AND JOURNAL ENTRY

Dated: April 18, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}  The City of Akron sued Charlie Harris to recover the cost of clearing litter from his property.  Mr. Harris denied having control of the property and moved to stay the proceedings pending the outcome of a lawsuit he said that he had filed against the City in federal court.  The trial court granted the City summary judgment, and Mr. Harris has appealed.  This Court affirms because we will not consider his notice argument for the first time on appeal, he forfeited his opportunity to assert the defense of failure to join the bank as a party, we cannot say that the trial court incorrectly denied his motion for stay, there is no record of Mr. Harris having served discovery requests or moving to compel a response, and the trial court did not deny him equal protection.

## BACKGROUND

{¶2}   According to the City of Akron, at all times relevant to this matter, Mr. Harris owned the property at 399 Wildwood Avenue.  In November 2010, the City ordered him to clean up litter on the Wildwood property, including, among other things, a truck cap, tires, plastic buckets, and trash bins.  When the situation remained unchanged, the City hired a hauling company to remove the debris.  It then sued Mr. Harris in Akron Municipal Court for a total of $468.91, the cost of the clean-up, plus a $200 administrative fee.

{¶3}   Without the assistance of a lawyer, Mr. Harris answered the complaint, denying that he owned the property, that he had failed to maintain it, and that he had been ordered to clean it up.  Two months later, he moved to stay the proceedings, arguing that he had filed a case in federal court and that, "this case is a major part of that complaint and a stay would freeze the proceedings awaiting a judgment of the [federal] action[.]"  The City opposed the stay and moved for summary judgment, which Mr. Harris opposed.  Without ruling on the motion for stay, the trial court granted summary judgment to the City.  Although Mr. Harris assigned five errors on appeal, he did not challenge the trial court's grant of summary judgment in favor of the City.

## NOTICE

{¶4}   Mr. Harris's first assignment of error is that he was "denied due process" because the City sent the initial clean-up order and complaint in this matter to the wrong address.  According to the docket, the Akron Municipal Court issued the summons via certified mail on March 2, and it was claimed on March 3.  Mr. Harris answered the complaint on March 8.  Further, his argument does not include any support for his assertion that the City sent the order to comply with the Akron litter ordinances to "the wrong address[.]"  He has made no effort to

explain where the order was sent or how that was "the wrong address." Furthermore, he did not appeal the City's order to the Director of Public Service in November 2010 as permitted by Section 95.17(C) of the Akron Codified Ordinances. In any event, it does not appear that Mr. Harris ever raised this argument with the trial court. This Court will not consider his argument for the first time on appeal. *Morgan v. Village of Silver Lake*, 9th Dist. No. 25148, 2010-Ohio-3581, at ¶ 11. Even reading his brief broadly, in deference to his pro se status, we are unable to understand Mr. Harris's argument as he has not pointed to anything in the record or explained why he believes the City sent the two documents to the wrong address. *See* App. R. 16(A)(7). Mr. Harris's first assignment of error is overruled.

JOINDER

{¶5} A broad reading of Mr. Harris's brief reveals that his second assignment of error is that the trial court incorrectly failed to order the City to join "LaSalle Bank National Association as Trustee for Merrill Lynch Mortgage Investors" as a defendant because "LaSalle Bank had control over the property" in November 2010. Mr. Harris does not deny the City's allegation that he is the title owner of the property at issue, but has argued that, due to a bankruptcy proceeding, and possibly a foreclosure, he did not have control of it when the City posted the litter notice.

{¶6} Under Rule 19(A) of the Ohio Rules of Civil Procedure, "persons needed for just adjudication" of a lawsuit shall be joined, if feasible, upon the timely assertion of the affirmative defense of failure to join a party. "A party may assert the affirmative defense of 'failure to join a party under Rule 19' in his answer or, in accordance with Rule 12(B)(7) of the Ohio Rules of Civil Procedure, in a pre-answer motion." *IndyMac Federal Bank FSB v. OTM Invs. Inc.*, 9th Dist. No. 10CA0056-M, 2011-Ohio-3742, at ¶ 14. If a party does not raise the defense in a pre-

answer motion or in his answer, he has forfeited his opportunity to do so, unless it falls within the exceptions in Civil Rule 12(H). *Id.* Rule 12(H) includes an exception for the defense of failure to join "a party indispensable under Rule 19[.]" Civ. R. 12(H)(2). An "indispensable" party is one who is needed for just adjudication, but "cannot be made a party" causing the court to determine, "in equity and good conscience[,]" that "the action should . . . be dismissed[.]" Civ. R. 19(B); *see also IndyMac*, 2011-Ohio-3742, at ¶ 11-13.

**{¶7}** Mr. Harris called the first document he filed in this action an "[a]nswer to [p]laintiff's [c]omplaint[.]" He called his second document a motion for extension of time, and the third was a motion for stay. None of them include the slightest reference to the defense of failure to join a party necessary for just adjudication under Civil Rule 19. In his answer, Mr. Harris denied owning the property, but did not mention the bank or any other potentially liable party. He first mentioned that the bank had control of the property in his response to the summary judgment motion, but he never made any argument that it was not feasible to join the bank as a party. As he failed to assert the defense of failure to join a party if feasible in his answer and never argued that the suit should be dismissed under Civil Rule 19(B), Mr. Harris has forfeited his opportunity to assert the defense of failure to join the bank.

**{¶8}** Mr. Harris has chosen to represent himself on appeal as he did before the municipal court. Although "[l]itigants may choose to represent themselves in court, . . . they will be held to the same standard as represented parties." *Nagel v. Nagel*, 9th Dist. No. 09CA009704, 2010-Ohio-3942, at ¶ 38. "Although this Court has held that pro se litigants 'should be granted reasonable leeway' in the construction of their pleadings and motions in order to ensure that courts address issues on their merits if possible, 'a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and

procedures to which represented litigants are bound.'" *Id.* (quoting *Smith v. Downs*, 9th Dist. No. 25021, 2010-Ohio-2571, at ¶ 7). "A pro se litigant 'is not given greater rights than represented parties, and must bear the consequences of his mistakes.'" *Id.* (quoting *Smith*, 2010-Ohio-2571, at ¶ 7). Mr. Harris's second assignment of error is overruled.

## MOTION TO STAY

{¶9} Mr. Harris's third assignment of error is that the trial court incorrectly failed to grant his motion to stay the proceedings pending the outcome of a federal lawsuit he has represented that he filed against the City of Akron. He has argued that the municipal court did not have jurisdiction and venue and that it violated Rule 62 of the Ohio Rules of Civil Procedure.

{¶10} Civil Rule 62 addresses stays of proceedings "to enforce a judgment[.]" Mr. Harris's motion could not be construed as a motion under Rule 62 to stay the enforcement of judgment because the trial court had not yet rendered judgment in this matter at the time he filed it and the motion asked to stay this matter, not the enforcement of any judgment.

{¶11} Mr. Harris has also cited 28 U.S.C. sections 1331 and 1391(b) in support of this assignment of error. These federal statues govern venue in federal civil cases and federal question jurisdiction. Section 1331 of Title 28 indicates that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A broad reading of his brief reveals that Mr. Harris has argued that he sued the City in federal district court because he believed it was harassing him and violating his rights under the United States Constitution. It seems that he believes the trial court should have stayed the state court proceeding until the district court had rendered judgment in the federal proceeding.

{¶12} Mr. Harris moved the trial court to stay the proceedings, alleging in his motion that he had filed a complaint under Sections 1983, 1981, and 1988 of Title 42 of the United States Code in the United States District Court for the Northern District of Ohio. According to his brief, he sued the City in federal court on April 25, 2011, nearly two months after the City initiated this matter in Akron Municipal Court. He argued in his motion that the state case was "a major part" of the federal complaint, apparently indicating that the City was harassing him via this municipal court proceeding. Although he has alleged that he gave the trial court a courtesy copy of his federal complaint, there is nothing in the record tending to show that Mr. Harris filed a lawsuit against the City in federal district court. As there is no evidence that there was ever a federal case pending, we cannot say that the trial court incorrectly denied the stay. Mr. Harris's third assignment of error is overruled.

DISCOVERY

{¶13} Mr. Harris's fourth assignment of error is that the trial court incorrectly failed to compel the City to respond to his request for discovery. Under the Ohio Rules of Civil Procedure, a party may conduct discovery via depositions of witnesses, interrogatories to parties, production of documents, electronically stored information, and tangible things, inspections conducted on real property, and requests for admission. Civ. R. 30, 31, 33, 34, 36. When discovery requests are properly framed and served under the appropriate rule, the opposing party must respond within the time permitted by that rule. If the opposing party fails to do so, the requesting party may move the court for an order to compel discovery responses under Civil Rule 37. Rule 37 allows a court to compel a party to respond to a properly served notice of request for discovery and to impose sanctions if appropriate.

{¶14} In his brief in support of his motion for stay, Mr. Harris argued that "[the City] has presently shown a bias reaction to the US District Court complaint by refusing to provide [him] with the requested discovery for this case. The request for a copy of the entire file concerning the property in question was sadly ignored and [the City gave Mr. Harris] 12 copies out of the possibility of over a hundred documents. This has severely handicapped [Mr. Harris's] ability to effectively prepare for this case." He raised this argument again in his opposition to the City's motion for summary judgment.

{¶15} There is nothing in the record indicating that Mr. Harris ever moved the court to compel the City to respond to any outstanding discovery request. Although his motion for stay makes it clear that he believed there was a discovery dispute between him and the City, it cannot be construed as a motion to compel under Civil Rule 37, primarily because he did not ask the court to issue an order compelling a response from the City. Further, there is nothing in the record to indicate that Mr. Harris ever attempted to comply with Civil Rule 34, which governs requests for the production of documents. As there is nothing in the record tending to show that Mr. Harris properly served a request for production of documents on the City in this matter or moved for an order to compel a response, Mr. Harris's fourth assignment of error is overruled.

CITY'S REMEDY

{¶16} Mr. Harris's fifth assignment of error is that the trial court "did not order the [City] to implement [its] obvious remedy thereby denying [him] [e]qual [p]rotection of the [l]aw." Contrary to the City's argument in response to this assignment of error, we do not agree that anything Mr. Harris has argued could reasonably be interpreted as challenging the City's right to sue a property owner in municipal court to collect abatement costs. This Court has read his fifth assignment of error as being that the trial court should have determined that the City's

complaint violated Mr. Harris's right to enjoy the equal protection of the law because the City had singled out Mr. Harris for collection of the abatement costs through a civil lawsuit rather than creating a tax lien on the property.

{¶17} Under the United States Constitution, states are forbidden to "deny to any person within its jurisdiction the equal protection of the laws." Fourteenth Amendment to the U.S. Constitution, Section 1. "In order to violate the Equal Protection Clause, the city's action would have to reflect 'unjust and illegal discriminations between persons in similar circumstances.'" *Cleveland v. Bosak*, 104 Ohio App. 3d 520, 524 (1995) (quoting *Elsaesser v. Hamilton Bd. of Zoning Appeals*, 61 Ohio App. 3d 641, 648 (1990)). Thus, in order to prove an equal protection violation in this case, Mr. Harris was required to produce some evidence that the City had not sued similarly situated landowners to collect abatement costs.

{¶18} Mr. Harris testified by affidavit that he overheard a lawyer for the City being asked why the City had not collected the abatement costs through a tax lien. According to Mr. Harris, the City's lawyer responded, "I was instructed to go after Mr. Harris." This statement is not evidence of any "unjust and illegal discrimination[ ] between persons in similar circumstances." *Cleveland v. Bosak*, 104 Ohio App. 3d 520, 524 (1995) (quoting *Elsaesser v. Hamilton Bd. of Zoning Appeals*, 61 Ohio App. 3d 641, 648 (1990)). The record is completely devoid of any evidence of how the City has collected abatement costs from any landowners other than Mr. Harris, let alone any landowners shown to be similarly situated to him. On the basis of this record, we find no denial of equal protection. Mr. Harris's fifth assignment of error is overruled.

CONCLUSION

{¶19} Mr. Harris's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

CHARLES HARRIS, pro se, Appellant.

CHERI B. CUNNINGHAM, Director of Law, and JOHN R. YORK and SHELLEY A. GOODRICH, Assistant Directors of Law, for Appellee.