[Cite as *Talafhah v. Bonetti*, 2012-Ohio-2747.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

BASSAM H. TALAFHAH

    Appellant

    v.

ALBERT E. BONETTI

    Appellee

C.A. No.      26093

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      2009-09-6680

DECISION AND JOURNAL ENTRY

Dated: June 20, 2012

---

BELFANCE, Judge.

{¶1} Bassam Talafhah appeals the trial court's dismissal of his complaint against Albert Bonetti. For the reasons set forth below, we affirm.

I.

{¶2} On September 9, 2009, Mr. Talafhah filed a complaint against Mr. Bonetti, alleging that he had retained Mr. Bonetti to represent him in a divorce but that, "[o]n or about August 1, 2008, [Mr.] Talafhah terminated the attorney-client relationship with [Mr.] Bonetti due to [Mr.] Bonetti's ineffective representation." Mr. Talafhah sought the return of $5,000 of his retainer, with interest, as well as $125,000 in punitive damages. Mr. Bonetti filed an answer denying Mr. Talafhah's allegations and asserting, amongst other defenses, that Mr. Talafhah's claim was barred by the statute of limitations.

{¶3} Mr. Bonetti subsequently moved to dismiss Mr. Talafhah's claims due to the statute of limitations. In Mr. Talafhah's response, he stated, "In his motion to dismiss[,] [Mr.

Bonetti] states that * * * [my] Complaint should have been filed by August 1, 2009, and [I] agree[]. [I] filed the complaint on Sept[ember] 9, 2009 * * *." The trial court subsequently dismissed the complaint with prejudice.

{¶4} Mr. Talafhah has appealed, raising a single assignment of error for review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE DEFENDANT DID NOT CLAIM IN THEIR (sic) ORIGINAL ANSWER A DEFENSE OF THE STATUTE OF LIMITATIONS. IT WAS ONLY AFTER A CLERICAL ERROR ON THE PART OF THE PLAINTIFF THAT DEFENDANT SUDDENLY MADE THE STATU[T]E OF LIMITATION[S] DEFENSE.

{¶5} Mr. Talafhah argues that Mr. Bonetti waived the affirmative defense of the statute of limitations because he did not raise it in his answer. Because Mr. Talafhah is pro se, we must grant him "reasonable leeway" in his arguments. (Internal quotations and citations omitted.) *Akron v. Harris*, 9th Dist. No. 25993, 2012-Ohio-1713, ¶ 8. However, "[a] pro se litigant is not given greater rights than represented parties, and must bear the consequences of his mistakes." (Internal quotations and citations omitted.) *Id*.

{¶6} Mr. Talafhah does not argue that the trial court incorrectly determined that his claim was barred by the statute of limitations. In fact, he conceded that his complaint was filed more than a month outside the statute of limitations. Instead, Mr. Talafhah's argument on appeal is simply that Mr. Bonetti waived the statute of limitations defense by failing to raise it in his answer. However, Mr. Talafhah is incorrect because Mr. Bonetti did list the statute of limitations as an affirmative defense in his answer.

{¶7} Based on Mr. Talafhah's limited argument, his assignment of error is overruled.

III.

**{¶8}**    The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

BASSAM H. TALAFHAH, pro se, Appellant.

SCOTT A. RILLEY, Attorney at Law, for Appellee.