[Cite as *Parrish v. Beeler*, 2023-Ohio-247.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

KRIS M. and DENISE R. PARISH

    Appellants

    v.

VIVIAN J. BEELER

    Appellee

C.A. No.     21CA011810

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    20CV200501

DECISION AND JOURNAL ENTRY

Dated: January 30, 2023

---

TEODOSIO, Presiding Judge.

{¶1}　　Kris and Denise Parrish appeal a judgment of the Lorain County Court of Common Pleas that granted summary judgment to Vivian Beeler on their property damage claim. For the following reasons, this Court affirms.

I.

{¶2}　　Ms. Beeler sold a house to the Parrishes. The Parrishes allege that, sometime between the signing of the purchase agreement and closing, Ms. Beeler removed fixtures from the house, damaged its walls, and ruined the house's custom paintjob. The Parrishes sued Ms. Beeler, asserting damage to real property, trespass to real property, fraud, and conspiracy. After Ms. Beeler moved for summary judgment, the Parrishes conceded partial summary judgment on their trespass, fraud, and conspiracy claims. The trial court granted summary judgment to Ms. Beeler on the damage to real property claim, concluding that the Parrishes could not maintain their tort action because the parties had a contract involving the house. The court also concluded that the

Parrishes had not established that Ms. Beeler owed a legal duty to them that was imposed by law because of their relationship and had not pointed to any evidence that would support a claim for damage outside of the contract. The Parrishes have appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN CONCLUDING THAT HOME PURCHASERS COULD NOT MAINTAIN A TORT ACTION AGAINST THE HOME SELLER IN LIGHT OF THE EXISTENCE OF A FULLY-EXECUTED PURCHASE AGREEMENT FOR THE HOME.

{¶3}    In their first assignment of error, the Parrishes argue that the trial court incorrectly concluded that they could not maintain a tort action against Ms. Beeler because of the contract for the sale of the property. We do not agree.

{¶4}    Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

**{¶5}** The Parrishes acknowledge that this Court has held that the existence of a contract generally excludes the opportunity to present the same case as a tort claim. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 151 (9th Dist.1996) ("A tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed."). They argue that they could not have presented a contract claim in this case, however, because it would have been prohibited by the doctrine of merger. According to the Parrishes, when a deed is delivered and accepted without qualification, a cause of action upon the underlying contract cannot exist. Their only remedy for the destruction Ms. Beeler caused, therefore, was their tort claim for damage to property. They also argue that the contract does not discuss whether the items at issue in this case were fixtures, so a breach of contract claim would not have resolved whether Ms. Beeler's conduct was permissible, even if the doctrine of merger did not apply.

**{¶6}** In her motion for summary judgment, Ms. Beeler argued that she did not owe a duty to the Parrishes outside of the contract and that they, therefore, could not recover against her in tort. In the Parrishes' opposition brief, they responded to that argument by asserting that they became equitable owners of the house after signing the contract. They argued that, as equitable owners of the house, they had a cause of action against anyone who caused damage to the house, including Ms. Beeler. They also argued it would not make sense if Ms. Beeler could be immune from a property damage claim just because she was the seller of the house.

**{¶7}** The Parrishes did not argue in their opposition brief that they were not permitted to bring a contract claim against Ms. Beeler because of the doctrine of merger. This Court will not consider a defense to a motion for summary judgment that is argued for the first time on appeal.

*City of Akron v. Harris*, 9th Dist. Summit No. 25993, 2012-Ohio-1713, ¶ 4, citing *Morgan v. Village of Silver Lake*, 9th Dist. Summit No. 25148, 2010-Ohio-3581, ¶ 11. Accordingly, we will not address the Parrishes' merger argument. For the same reason, the Parrishes have also forfeited their argument that they should be allowed to pursue a property damage claim because a breach of contract claim would not resolve whether the items in controversy were fixtures. *Id*.

{¶8} The Parrishes have not forfeited their argument that Ms. Beeler owed them the same duty as any individual not to damage a house of which they had become an equitable owner. Unlike other individuals, however, Ms. Beeler was the legal owner of the house at the time that she removed the items from it. Whether something had to remain in the house at the time of closing was governed by the parties' contract, which had a specific provision addressing the issue. The purchase agreement also contained a provision addressing Ms. Beeler's responsibility to the Parrishes if any damage occurred to the house before the title transfer. The Parrishes have not pointed to any injury that they suffered that was outside of the scope of the purchase agreement.

{¶9} Upon review of the record, we conclude that the Parrishes have not established that they could maintain a property damage claim against Ms. Beeler that was independent of the contractual relationship between them. The Parrishes' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED IN CONCLUDING THAT THE HOME PURCHASERS FAILED IN RESPONSE TO HOME SELLER'S SUMMARY JUDGMENT MOTION TO BRING FORTH ANY EVIDENCE TENDING TO SHOW THAT THE HOME SELLER OWED THEM A LEGAL DUTY OUTSIDE THE PURCHASE AGREEMENT, SO THAT SUMMARY JUDGMENT WAS APPROPRIATE.

{¶10} In their second assignment of error, the Parrishes argue that the trial court incorrectly concluded that they had not presented any evidence that established that Ms. Beeler owed them a legal duty outside the purchase agreement. The substance of their brief, however,

does not focus on this issue. Instead, the Parrishes concentrate on whether the items that Ms. Beeler removed from the house before closing were fixtures under the analysis set out by the Ohio Supreme Court in *Masheter v. Boehm*, 37 Ohio St.2d 68 (1974). The Parrishes refer back to their first assignment of error in addressing whether Ms. Beeler owed them a duty outside of the purchase agreement. The Parrishes also argue that they established the extent of the harm they suffered in their response to Ms. Beeler's motion for summary judgment.

{¶11} The trial court did not reach the issue of whether the items Ms. Beeler removed from the house before closing were fixtures because it determined that the Parrishes could not bring a property damage claim against her because of the existence of the purchase agreement. The arguments that the Parrishes have made under their second assignment of error do not establish that there was a genuine issue whether Ms. Beeler owed them a legal duty outside of the existence of that agreement. Accordingly, we conclude that the Parrishes have not demonstrated that the trial court incorrectly granted summary judgment to Ms. Beeler. The Parrishes' second assignment of error is overruled.

## III.

{¶12} The Parrishes' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

6

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.


APPEARANCES:

EDWARD F. HERMAN, Attorney at Law, for Appellants.

JOSEPH P. DUNSON, Attorney at Law, for Appellee.

JAY C. MARCIE, Attorney at Law, for Appellee.