[Cite as *Webber v. Webber*, 2019-Ohio-1084.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

ASHLEY WEBBER

    Appellee

    v.

KENNETH WEBBER

    Appellant

C.A. No.     29073

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2017-09-2572

DECISION AND JOURNAL ENTRY

Dated: March 27, 2019

---

SCHAFER, Presiding Judge.

{¶1}    Kenneth M. Webber ("Father") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, designating Ashley N. Webber ("Mother") residential parent and legal custodian of their minor child. For the reasons that follow, this Court affirms.

I.

{¶2}    Father and Mother were married on October 4, 2014. One child, M.W., was born to the couple on October 19, 2015. Mother filed for divorce in September 2017. Following a trial, the domestic relations court issued a final entry decree of divorce on May 21, 2018.

{¶3}    Pertinent to this appeal, the trial court considered the contested issue of custody and parenting rights over M.W and allocated parental rights and responsibilities. In the decree, the trial court noted its obligation to consider statutory factors. *See* R.C. 3109.04(F)(1). The trial court proceeded to consider the relevant factors, to wit: the wishes of both parents to be

residential parent and legal custodian of M.W., the child's relationship with family on both sides, concerns over Father's mental health and his disregard of the recommendation that he obtain a psychiatric evaluation and seek counseling, and the likelihood that Mother would be more willing than Father to honor or facilitate court-approved parenting time with M.W.

**{¶4}** Based on its findings relative to the R.C. 3109.04(F)(1) factors, the trial court designated Mother as the residential parent and legal custodian of M.W. The trial court granted Father supervised companionship time with M.W. for three hours per week on Sunday afternoon. The trial court also indicated that, if Father complied with recommendations regarding a psychiatric evaluation, the court would consider that a change of circumstances.

**{¶5}** Father appeals from the judgment of the domestic relations court and presents one assignment of error for our review.

II.

**Assignment of Error I**

**Appellant's judgement of the allocation of parental rights and responsibilities are in violation of Article IV, Section 3, of the Ohio Constitution. [sic]**

**{¶6}** In his single assignment of error, Father contends that the allocation of parental rights and responsibilities in the divorce decree violates Article IV, Section 3, of the Ohio Constitution, which establishes the organization and jurisdiction of the court of appeal in the state of Ohio. Specifically, Father cites to Ohio Constitution, Article IV, Section 3(B)(2):

> Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district, except that courts of appeals shall not have jurisdiction to review on direct appeal a judgment that imposes a sentence of death. Courts of appeals shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies.

{¶7}  In his brief, Father does not advance any argument to support the assigned error and fails to elucidate how the judgment of the trial court violates Ohio Constitution, Article IV, Section 3.  Instead, Father asserts that, pursuant to Article IV, Section 3(B)(2), this Court has the authority to reverse the judgment, should we find that the trial court failed to understand the situation and made a decision contrary to M.W.'s best interests.  The decree indicates that the trial court considered R.C. 3109.04(F)(1)(a),(c),(e), and (d) to determine the best interest of the child and allocate parental rights and responsibilities.  Based on those factors, the trial court concluded that Mother would be designated as the residential parent and legal custodian of the child, while Father would have supervised visitation with M.W.  Father has not identified the constitutional violation assigned as error, nor has he identified any error in the trial court's decision.

{¶8}  This Court must determine an appeal on its merits on the assignment of error set forth in the brief under App.R. 16.  App.R. 12(A)(1)(b).  However, if the appellant "fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)[,]" this Court "may disregard an assignment of error presented for review[.]"  App.R. 12(A)(2).  Father did not include in his brief an argument containing contentions to support his assignment of error, as required by App.R. 16(A)(7).  Father contends the trial "court did not allow itself to have a full understanding of the situation * * *" and the trial "court did not have [M.W.]'s best interest[.]"  These contentions seem to be based on Father's unsubstantiated belief that the trial court somehow impeded his ability to testify or present evidence.  In addition to the fact that Father's contentions are not germane to the assigned error, the brief lacks support for the contentions or

citations to relevant authorities, statutes, and parts of the record on which Father relied. *See* App.R. 16(A)(7).

**{¶9}** We acknowledge that pro se litigants, such as Father, "should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities." *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. However, this Court has previously held that:

> a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se a]ppellants to the same standard as any represented party.

(Internal citations omitted.) *Id.*

**{¶10}** Although we endeavor to review each assignment of error on the merits, Father's brief fails to comply with the rules of appellate procedure in several respects and lacks a sufficiently intelligible argument to permit review. It is not the function of this Court to construct a foundation for Father's alleged error, or to search for authority to support his argument. *Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994, ¶ 15, citing *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996). If an argument exists that can support Father's assignment of error, it is not this Court's duty to root it out. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8. Therefore, pursuant to App.R. 12(A)(2) and 16(A)(7), we disregard Father's assignment of error. *See id.*

**{¶11}** We overrule Father's assignment of error.

### III.

**{¶12}** Father's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgement affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

KENNETH M. WEBBER, pro se, Appellant.

JOEL R. REED, Attorney at Law, for Appellee.