[Cite as *Rachel v. Centimark Corp.*, 2019-Ohio-3252.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

JONATHAN RACHEL

    Appellant

    v.

CENTIMARK CORPORATION, et al.

    Appellee

C.A. No.    28971

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2017-10-4399

DECISION AND JOURNAL ENTRY

Dated: August 14, 2019

HENSAL, Judge.

{¶1} Jonathan Rachel appeals a judgment of the Summit County Court of Common Pleas that dismissed his complaint under Civil Rule 12(B)(6). For the following reasons, this Court affirms.

I.

{¶2} Mr. Rachel filed a complaint against Centimark Corporation in the common pleas court. The court issued an order sua sponte, noting that Mr. Rachel had designated the matter as an administrative appeal, and directing him to amend his complaint to conform to the court's local rules for such appeals. Mr. Rachel subsequently filed an amended complaint against the Ohio Industrial Commission and Centimark. He attached a copy of a decision by the Ohio Industrial Commission to his amended complaint.

{¶3} After Centimark and the Commission submitted their answers to the amended complaint, they moved for its dismissal under Civil Rule 12(B)(6), alleging that it did not give

fair notice of the nature of the action. Mr. Rachel opposed their motions, but the common pleas court granted them, finding "no basis for a legal claim for relief[.]" The court also concluded that Mr. Rachel could "prove no set of facts entitling him to recovery in this matter[.]" Mr. Rachel has appealed, assigning as error that Centimark and the Commission incorrectly denied him workers' compensation.

## II.

### ASSIGNMENT OF ERROR

APPELLEE'S DENIED WORKERS COMPENSATION DO (SIC) TO THE FACT OF APPELLANT'S SPOILATION NEGLIGENCE BREACH OF DUTY OF APPELLEE'S MEDICAL RECORDS ARTICLE II, SECTION 35, OF THE OHIO CONSTITUTION.

{¶4} Mr. Rachel asserts that he has significant problems with his lungs, which he believes is due to his exposure to silica dust while working for Centimark. He alleges that his employer's doctor failed to address his concerns and refused to send him to a specialist. He also alleges that his employer's doctor failed to document his concerns, spoiling his medical record. He further alleges that Centimark failed to provide him with all of his medical records. He argues that he should be entitled to compensation if Centimark is responsible for his medical issues.

{¶5} The trial court wrote that, presuming all the factual allegations in the complaint were true and making all reasonable inferences in Mr. Rachel's favor, it could not find any basis for a legal claim against Centimark or the Commission. It, therefore, granted their motions to dismiss. In his brief, Mr. Rachel has not developed an argument regarding Centimark's and the Commission's motions to dismiss. He has not attempted to show why the amended complaint he filed should not have been dismissed under Rule 12(B)(6). Although Mr. Rachel is pro se, "we must hold pro se litigants to the same standards as those represented by counsel * * *." *Sherlock*

*v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 5. Upon review of Mr. Rachel's brief, we conclude that he has failed to establish that the trial court incorrectly dismissed his amended complaint under Civil Rule 12(B)(6). Mr. Rachel's assignment of error is overruled.

III.

**{¶6}** Mr. Rachel's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶7} I respectfully dissent as I would reverse the trial court's judgment. Rachel designated this case as an administrative appeal in both his complaint and his amended complaint. He further attached a copy of the Commission's decision to his amended complaint. In their motions to dismiss, neither Centimark nor the Commission argued that Rachel's amended complaint did not meet the requirements of R.C. 4123.512. The trial court did not analyze this issue in its order granting the motion to dismiss. Accordingly, I would sustain Rachel's assignment of error and remand for the trial court to analyze that issue in the first instance.

APPEARANCES:

JONATHAN RACHEL, pro se, Appellant.

LISA PATTERSON, Attorney at Law, for Appellee.

NANCY Q. WALKER, Assistant Attorney General, for Appellee.