[Cite as *State v. Goldshtein*, 2012-Ohio-246.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     25700 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| FELIKS GOLDSHTEIN | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR 09 01 0232 |

DECISION AND JOURNAL ENTRY

Dated: January 25, 2012

MOORE, Judge.

{¶1}   Appellant, Feliks Goldshtein, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   On October 27, 2010, the appellant, Feliks Goldshtein, appeared before the trial court for a community control violation.  Mr. Goldshtein declined the appointment of counsel, and the court scheduled a hearing on the community control violation for October 29, 2010.  After the court advised Mr. Goldshtein of the hearing date, Mr. Goldshtein asked if he could enter a plea of guilty "under certain terms and conditions."  The trial court advised Mr. Goldshtein that he could enter a plea, but that there would be no terms and conditions attached to the plea.  The court further advised Mr. Goldshtein that, if he were to enter a plea, he would immediately be sent back to prison.  Mr. Goldstein then asked if he could "post a special bond."

The court advised him that there would be no "bond." Mr. Goldshtein then requested that the court appoint him counsel.

{¶3} On October 29, 2010, Mr. Goldshtein appeared with counsel and pled guilty to violating the terms and conditions of community control. He was sentenced to four years of incarceration.

{¶4} Mr. Goldshtein timely filed a notice of appeal. He raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERR[]ED WHEN IT REFUSED [MR.] GOLDSHTEIN['S] OFFER TO POST A SPECIAL BOND AND LATER ON IGNORED [HIS] NOTICE OF DISHONOR."

{¶5} In his sole assignment of error, Mr. Goldshtein argues that the trial court erred when it refused his offer to post a "special bond" and when it later ignored his notice of dishonor. We do not agree.

{¶6} To begin, we note that Mr. Goldshtein has presented his arguments before this Court pro se. With respect to pro se litigants, this Court has observed:

> "[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party." (Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, at ¶3; *Countrywide Home Loans Servicing, L.P. v. Murphy-Resling*, 9th Dist. No. 25297, 2010-Ohio-6000, at ¶4.

{¶7} The basis of Mr. Goldshtein's appeal is unclear because he has not articulated a cogent argument for finding error in the court's action below. Accordingly, while this Court has

made every effort to determine and address the merits of Mr. Goldshtein's contentions, he is subject to the same rules and procedures as if he were represented by an attorney.

{¶8} Mr. Goldshtein appeared before the trial court following a violation of community control sanctions. A hearing was held, and Mr. Goldshtein has argued no error with regard to those proceedings. Instead, he argues that the trial court erred when it refused his offer to post a "special bond." He offers no case law or statute to support his contention that the trial court was required to accept a "special bond" in a proceeding for a community control violation. Notwithstanding his protestations to the contrary, it appears that Mr. Goldshtein was requesting bail, which the trial court refused. Crim.R. 32.3(A) states that at a hearing for a community control violation, "[t]he defendant *may* be admitted to bail pending hearing." (Emphasis added). This language indicates that the trial court has discretion in deciding whether or not to admit bail. Mr. Goldshtein has not demonstrated that the trial court abused its discretion in denying his request. "Further, following conviction, 'any error concerning the issue of pretrial bail is moot.' *State v. Patterson*, 110 Ohio App.3d 264, 271 (10th Dist. 1996). [Goldshtein] should have raised his pretrial bail claim, if at all, in a habeas corpus proceeding. *See Jenkins v. Billy*, 43 Ohio St.3d 84, 85 (1989)." *State v. Tibbetts*, 92 Ohio St.3d 146, 152 (2001). Accordingly, this portion of the assignment of error is overruled.

{¶9} Mr. Goldshtein also makes arguments regarding the trial court's failure to rule on his "notice of dishonor." The State correctly notes that the alleged filing is not part of the trial court record before this Court. The "notice of dishonor" was filed in the trial court on December 27, 2010, after the notice of appeal was filed on November 29, 2010. As such, it is not a part of the appellate record and cannot be recognized on direct appeal. App.R. 9(A). *See, e.g., State v.*

*Unger*, 2d Dist. No. 80-CA-54, 1982 WL 3680 (Feb. 25, 1982) and *State v. McFarland*, 2d Dist. No. 23411, 2010-Ohio-2395, at ¶36.

**{¶10}** Accordingly, Mr. Goldshtein's assignment of error is overruled.

III.

**{¶11}** Mr. Goldshtein's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

FELIKS GOLDSHTEIN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.