[Cite as *Robinson v. Bishop*, 2024-Ohio-4828.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

MARTIN ROBINSON, et al.

    Appellants

    v.

BRUCE BISHOP, et al.

    Appellees

C.A. No.    23CA012018

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    20CV201055

DECISION AND JOURNAL ENTRY

Dated: October 7, 2024

STEVENSON, Presiding Judge.

**{¶1}** Appellants Martin Robinson and Maiya McCoy appeal the decision of the Lorain County Court of Common Pleas granting the motion for sanctions filed by Appellees Lorain County Printing & Publishing Company dba The Chronicle Telegram and Bruce Bishop (collectively "the Chronicle"). This Court affirms.

I.

**{¶2}** This is not the first appeal Robinson and McCoy have filed in this case. This Court previously addressed Robinson and McCoy's claims against the Chronicle in *Robinson v. Lorain Cty. Printing & Publishing Co.*, 2023-Ohio-3 (9th Dist.) ("*Robinson I*"). This Court summarized the pertinent facts in *Robinson I* at ¶ 2-5 as:

> On April 27, 2020, Martin Robinson filed a complaint for defamation and intentional infliction of emotional distress against Lorain County Printing & Publishing Company dba The Chronicle Telegram and Scott Mahoney, followed by an amended complaint on May 11, 2020, adding Maiya McCoy as a plaintiff, adding Bruce Bishop as a defendant, and omitting Mr. Mahoney. The certificate of service of the amended complaint indicated service only upon the Clerk of Courts.

On May 15, 2020, Robinson/McCoy filed a voluntary dismissal of Mr. Mahoney and filed another amended complaint with no certificate of service. The Chronicle subsequently filed a motion to dismiss pursuant to Civ.R. 12(B)(6). On June 30, 2020, Robinson/McCoy filed another amended complaint, which again contained no certificate of service. The Chronicle responded by filing a motion to strike, arguing the complaint was not in compliance with Civ.R. 15. In August 2020, Robinson/McCoy filed responses to the motion to dismiss and the motion to strike, neither of which included a certificate of service.

On September 24, 2020, the trial court issued an entry granting Robinson/McCoy leave to supplement their responses to the motions to include proper certificates of service. The entry granted the Chronicle's motion to strike the June 30, 2020, amended complaint but provided Robinson/McCoy with leave to refile the complaint and ordered that it be properly served as required by the Ohio Rules of Civil Procedure. The Chronicle was granted leave to supplement their motion to dismiss once the amended complaint was served and filed.

On October 21, 2020, Robinson/McCoy filed another amended complaint containing the typed names of both Robinson and McCoy, but lacking signatures for either of them. A Certificate of Service was attached but did not name any party that was served with the document, instead stating:

> I hereby certify that on the 21st of October 2020, copies of the forgoing Complaint 20CV201055 was filed electronically for all defendants. Notice of this filing will be sent to the following parties through the Court's Certificate of System. Parties may also access this filing through the Court's Electronic system.

The Certificate of Service was not signed by Robinson or McCoy but contained McCoy's typed name. The Chronicle alleged that this complaint was not served upon counsel and filed a supplemental memorandum in support of their motion to dismiss, additionally requesting that the action be dismissed due to Robinson/McCoy's failure to comply with Civ.R. 5 and Civ.R. 11. On December 1, 2020, the trial court entered judgment dismissing the action for Robinson/McCoy's failure to comply with Civ.R. 5 and Civ.R. 11 after having been given the opportunity to correct their pleadings. Robinson/McCoy now appeal raising eight assignments of error.

{¶3}    This Court overruled Robinson and McCoy's eight assignments of error in *Robinson I* and affirmed the lower court's ruling dismissing the action. The Ohio Supreme Court did not accept Robinson's appeal. *Robinson v. Lorain Cty. Printing & Publishing Co.*, 2023-Ohio-1149.

**{¶4}** After an oral hearing was held, the trial court granted the Chronicle's motion for sanctions and awarded $13,348. Robinson and McCoy appealed from this decision. McCoy failed to file an appellate brief, while Robinson raises fifteen assignments of error for our review. For ease of analysis, we combine several of Robinson's assignments of error.

I.

**MCCOY'S APPEAL**

**{¶5}** Although McCoy filed a notice of appeal from the trial court's decision granting the Chronicle's motion for sanctions and awarding $13,348, she has failed to file a merit brief or assert any assignments of error. As McCoy has effectively abandoned her appeal, her appeal is dismissed. *See In re M.O.*, 2017-Ohio-7691, ¶ 21 (9th Dist.).

**ASSIGNMENT OF ERROR 1**

**21CA011711 [*ROBINSON I*] WAS NOT HEARD ON ITS MERITS. 20CV201055 [THIS CASE IN THE LOWER COURT] WAS NOT HEARD ON ITS MERITS. THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL, PREVIOUSLY RAISED AND IGNORED.**

**ASSIGNMENT OF ERROR 3**

**IF A HEARING WAS HELD PRIOR TO DISMISSAL OF 20CV201055 [THIS CASE IN THE LOWER COURT], PLAINTIFF/APPELLANT, MARTIN ROBINSON WAS NOT PERMITTED TO BE PRESENT, EVEN ON VIDEO.**

**{¶6}** Robinson's first and third assignments of error pertain to the lower court's decision granting the Chronicle's motion to dismiss and this Court's ruling in *Robinson I*. Robinson argues that neither the lower court nor this Court heard the motion to dismiss on the merits and that his ineffective assistance of counsel claim was ignored. Robinson maintains that he should have been given an opportunity to correct the Civ.R. 11 error. We reject Robinson's arguments.

{¶7}     This Court addressed the trial court's decision granting the Chronicle's motion to dismiss in *Robinson I.*  We conclude that Robinson's arguments in this appeal pertaining to the lower court's judgment granting the Chronicle's motion to dismiss are barred by the doctrines of res judicata and law of the case.

{¶8}     Under the doctrine of res judicata, "'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.'" *In re S.J.*, 2006-Ohio-6381, ¶ 14 (9th Dist.), quoting *State v. Saxon*, 2006-Ohio-1245, ¶ 16.   The Ohio Supreme Court has further explained that "[w]here an argument could have been raised on an initial appeal, *res judicata* dictates that it is inappropriate to consider that same argument on a second appeal . . . ." *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995). Issues that were previously raised on appeal, as well as "new issues," are barred by the doctrine of res judicata.  *State v. Gillard*, 78 Ohio St.3d 548, 549 (1997). "Res judicata promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first action." *Kirkhart v. Keiper*, 2004-Ohio-1496, ¶ 5.

{¶9}     The law-of-the case doctrine is similar to res judicata, providing that "legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Farmers State Bank v. Sponaugle*, 2019-Ohio-2518, ¶ 22; *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) ("the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.").

{¶10}     This Court addressed the same arguments made by Robinson pertaining to the trial court's ruling on the motion to dismiss in *Robinson I*. This Court's conclusion in *Robinson I* remains the law of the case. *Farmers State Bank* at ¶ 22.

{¶11} The newly presented arguments pertaining to the trial court's alleged failure to hear this case on the merits and allow. Robinson to be present at a hearing could have been raised in the initial appeal and are therefore barred by the doctrine of res judicata. *See In re S.J.*, 2006-Ohio-6381, at ¶ 15. Accordingly, Robinson's first and third assignments of error are overruled.

## ASSIGNMENT OF ERROR 2

**PLAINT[IFF]/APPELLANT, MARTIN ROBINSON WAS NOT ALLOWED TO BE PRESENT AT ANY PROCEEDINGS IN 20CV201055 [THIS CASE IN THE LOWER COURT], 21CA011711 [*ROBINSON I*], OR 20CV201055 [THIS CASE IN THE LOWER COURT] SANCTIONS.**

## ASSIGNMENT OF ERROR 4

**APPELLEE MOVED FOR SANCTIONS BEFORE APPEAL 21CA011711 [*ROBINSON I*] WAS COMPLETED.**

## ASSIGNMENT OF ERROR 5

**THE TRIAL COURT FAILED TO GIVE NOTICE OF SANCTION HEARING TO APPELLANT.**

## ASSIGNMENT OF ERROR 6

**THE TRIAL COURT FAILED TO ALLOW APPELLANT, ROBINSON TO BE PRESENT AT THE SANCTION HEARING, WHICH SEVERELY PREJUDICED AND BIASED HIM.**

## ASSIGNMENT OF ERROR 7

**APPELLANT, ROBINSON WASN'T NOTIFIED OF WHO THE WITNESS WAS AND WHAT THEIR ANTICIPATED TESTIMONY WOULD CONSIST OF.**

## ASSIGNMENT OF ERROR 8

**APPELLANT, ROBINSON, NOT BEING ALLOWED TO BE PRESENT AT THE SANCTION HEARING WAS NOT ALLOWED TO CROSS EXAMINE ANY DEFENSE/APPELLEES' WITNESSES.**

## ASSIGNMENT OF ERROR 9

**APPELLANT, ROBINSON, NOT BEING ALLOWED TO BE PRESENT AT THE SANCTION HEARING WAS NOT ALLOWED TO CALL ANY WITNESSES ON BEHALF OF THE PLAINTIFFS/APPELLANTS.**

## ASSIGNMENT OF ERROR 10

**THE TRIAL JUDGE AWARDED COSTS OF COUNSEL TO APPELLEES/DEFENDANTS WITHOUT ANY EVIDENCE BEING PROVIDED TO PLAINTIFF/APPELLANT, MARTIN ROBINSON.**

## ASSIGNMENT OF ERROR 11

**THE TRIAL JUDGE ERRED BECAUSE HE DID NOT CONSIDER R.C. 2323.51 INTENT WAS CONDUCT AGAINST A GOVERNMENT ENTITY OR EMPLOYEE.**

## ASSIGNMENT OF ERROR 12

**THE TRIAL JUDGE OR DEFENDANT DIDN'T PRODUCE EVIDENCE IN SUPPORT OF THEIR CLAIM OF FAIL TO SIGN ALLEGATIONS.**

## ASSIGNMENT OF ERROR 13

**THE TRIAL JUDGE IMPROPERLY MADE ARGUMENT FOR DEFENDANTS.**

## ASSIGNMENT OF ERROR 14

**THE TRIAL COURT MUST ALLOW THE PLAINTIFFS THE OPPORTUNITY TO FIX AN ERROR OF CIV. R. 11.**

## ASSIGNMENT OF ERROR 15

**PLAINTIFF/APPELLANT, MARTIN ROBINSON DID NOT RECEIVE ANYTHING FROM DEFENDANTS OR COURT REGARDING 06/28/2003 HEARING DATE.**

{¶12}    Robinson asserts in assignments of error two and four through fourteen that he did not receive proper notice and was not given an opportunity to be present at the sanctions hearing. Robinson states that he was not properly notified as to who would be testifying at the sanctions hearing, that insufficient testimony and evidence was presented at the hearing to support the lower

court's ruling, and that the lower court improperly made arguments for the Chronicle. Robinson asserts in his fourteenth assignment of error that the trial court should have given him an opportunity to fix an error of Civ.R. 11.

{¶13} Robinson is a pro se litigant. This Court has repeatedly noted that:

> [P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.(Internal citations omitted.)

*State v. Goldshtein*, 2012-Ohio-246, ¶ 6 (9th Dist.), quoting *Sherlock v. Myers*, 2004-Ohio-5178, ¶ 3; *Robinson I*, 2023-Ohio-3, at ¶ 15.

{¶14} The arguments raised in assignments of error two and four through fourteen do not comply with the required appellate rules. App.R. 16(A)(7) provides, in relevant part, that the appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and other parts of the record on which appellant relies." Robinson's arguments, where presented, consist of a single sentence. Robinson does not cite a single authority or cite to any specific portion of the record in support of assignments of error two and four through fourteen.

{¶15} "'An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority.'" *King v. Divoky*, 2021-Ohio-1712, ¶ 13 (9th Dist.), quoting *State v. Watson*, 2009-Ohio-330, ¶ 5 (9th Dist.). "Moreover, it is not the duty of this court to develop an argument in support of an assignment of error, even if

one exists." *King* at ¶ 13, citing *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). Accordingly, assignments of error two and four through fourteen are overruled.

**{¶16}** Robinson argues in his fifteenth assignment of error that he did not receive notice of the oral hearing on the Chronicle's motion for sanctions. For the reasons set forth below, we disagree.

**{¶17}** "A court of record . . . 'speaks only through its journal . . . .'" *State v. Smith*, 2023-Ohio-3135, ¶ 8 (9th Dist.), quoting *Schenley v. Kauth*, 160 Ohio St. 109 (1953), paragraph one of the syllabus. The trial court's docket reflects that, on April 27, 2023, the trial court issued notice setting an oral hearing on the Chronicle's motion for sanctions for May 23, 2023, at 1:30 p.m. The trial court again issued notice on May 23, 2023, stating that the sanctions hearing was rescheduled for June 28, 2023, at 2:00 p.m. Robinson does not point to anything in the record that establishes the notice was defective, that he did not receive it, or his due process rights were violated. Robinsons' fifteenth assignment of error is overruled.

### III.

**{¶18}** For the reasons stated above, McCoy has abandoned her appeal and it is dismissed. Robinson's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

SCOT STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

MARTIN ROBINSON, pro se, Appellant.

HOWARD T. LANE and JENNIFER E. SHEEHE, Attorneys at Law, for Appellees.