[Cite as *State v. Briggs*, 2025-Ohio-1966.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 2024CA0087-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DENNIS BRIGGS | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 24 CRB 00860 |

DECISION AND JOURNAL ENTRY

Dated: June 2, 2025

STEVENSON, Judge.

{¶1} Defendant-Appellant Dennis Briggs appeals from the judgment of the Medina Municipal Court that found him guilty of aggravated menacing, claiming the conviction was not supported by the weight of the evidence. This Court affirms.

I.

{¶2} Mr. Briggs was charged with one count of aggravated menacing in violation of R.C. 2903.21(A), a first-degree misdemeanor. Mr. Briggs declined the appointment of counsel and pleaded not guilty to this charge. The trial court appointed standby counsel for Mr. Briggs on the same date he entered a not guilty plea and declined the appointment of counsel. This matter proceeded to a jury trial after Mr. Briggs declined a trial continuance.

{¶3} The State presented the testimony of the records custodian for the Medina Township Police Department; L.P., M.D., and M.H.; and Medina Township Police Officers Thomas Carlo and Nicholas Miltner. It also presented the 911 call, an aerial photograph of where the

incident occurred, and three blades that were found in Mr. Briggs' possession. Mr. Briggs presented his own testimony. At the conclusion of trial, the jury found Mr. Briggs guilty of aggravated menacing. The trial court sentenced Mr. Briggs to 180 days in jail, with 54 days credit for time served, and imposed a $500 fine with six months to pay upon Mr. Briggs' release from jail. Mr. Briggs appeals, asserting twelve assignments of error for review.

I.

### ASSIGNMENT OF ERROR 2

**[] THE TRIAL COURT ERRED BY SENDING COURT FILINGS TO STANDBY COUNSEL NOT [MR. BRIGGS], PRO SE, JUDGE WERNER ADMITTED ERROR.**

### ASSIGNMENT OF ERROR 3

**THE TRIAL COURT ADJUDGED [MR. BRIGGS] TO BE INDIGENT ON SEPTEMBER NINTH, 2024. THE TRIAL COURT ERRED BY DENYING ALL DEFENSE WITNESSES FOR [] WITNESS FEES.**

### ASSIGNMENT OF ERROR 4

**THE PROSECUTOR NEVER PROVIDED ACCUSER'S CRIMINAL RECORDS OR POLICE BODY CAM VIDEOS SUBPOENAED BY [MR. BRIGGS].**

### ASSIGNMENT OF ERROR 7

**OFC. CARLO TESTIFIED THAT STATE[']S EXHIBITS (PIECE OF METAL AND SAW[Z]ALL BLADE) WERE BURIED DEEP IN SHOPPING CARTS THAT [MR. BRIGGS] USED.**

### ASSIGNMENT OF ERROR 8

**OFC. MILTNER TESTIFIED ACCUSER[']S INITIAL STATEMENTS WERE DIFFERENT.**

### ASSIGNMENT OF ERROR 9

**THE TRIAL COURT ERRED BY ALLOWING TRIAL TO CONTINUE WITHOUT ACCUSERS AND THEIR MOMS IN COURT TO TESTIFY**

**FOR DEFENSE AS ORDERED BY JUDGE AT TRIAL. ACCUSERS AND THEIR MOMS SHOULD HAVE BEEN HELD IN CONTEMPT OF COURT.**

### ASSIGNMENT OF ERROR 10

**THE TRIAL COURT ERRED WHEN IT SAID STRICKEN AFTER EVERY[]TIME [MR. BRIGGS] SAID HE WAS LEFT HANDED (PROSECUTION OBJECTED).**

### ASSIGNMENT OF ERROR 11

**THE TRIAL COURT ERRED BY NOT ALLOWING [MR. BRIGGS] TO HANDLE EXHIBITS.**

### ASSIGNMENT OF ERROR 12

**MEDINA IS SATANIC/WICCAN 99%. DOES PROSECUTOR HAVE SIGNAL TO KNOW IF JURORS ARE GOING TO RIG IT TO WHERE THEY ARE NOT LOOKING FOR REASONABLE DOUBT. THEY ARE LOOKING TO SEE IF THERE IS ANY WAY POSSIBLE HE COULD HAVE DONE IT AND FINDING HIM []GUILTY! JURY TAMPERING! AND GRAND JURY TAMPERING! []**

{¶4} Mr. Briggs asserts a variety of arguments in assignments of error two through four and seven through twelve. He argues that court filings were wrongfully sent to standby counsel; the court erred by failing to award him defense witness fees; the prosecutor failed to provide subpoenaed records and body cam videos; Officer "Carlo testified that state[']s exhibits . . . were buried deep in shopping carts . . . [;]" Officer "Miltner testified accuser[']s initial statements were different[;]" the trial court erred when it allowed trial to proceed without the accusers and their mothers being present in the courtroom; the court erred when it struck Mr. Briggs' statements that he is left-handed; and, the trial court erred by not allowing him to handle the exhibits. Mr. Briggs also asserts a jury tampering argument.

{¶5} Mr. Briggs is a pro se litigant. This Court has repeatedly noted that:

[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge

of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party. (Internal citations omitted.)

*Robinson v. Bishop*, 2024-Ohio-4828, ¶ 13 (9th Dist.), citing *State v. Goldshtein*, 2012-Ohio-246, ¶ 6 (9th Dist.), quoting *Sherlock v. Myers*, 2004-Ohio-5178, ¶ 3.

{¶6} The arguments raised in assignments of error two through four and seven through twelve do not comply with the required appellate rules. App.R. 16(A)(7) provides, in relevant part, that the appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and other parts of the record on which appellant relies." This Court may disregard an assignment of error that fails to comply with App.R. 16(A). App.R. 12(A)(2).

{¶7} Mr. Briggs does not address assignments of error two through four and seven through twelve in his appellate brief. He does not present a single sentence in support of these assignments of error, nor does he cite a single authority or cite to any specific portion of the record in support of these assignments of error.

{¶8} "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." (Internal quotations and citations omitted.) *Robinson*, 2024-Ohio-4228, at ¶ 15 (9th Dist.), quoting *King v. Divoky*, 2021-Ohio-1712, ¶ 13 (9th Dist.), quoting *State v. Watson*, 2009-Ohio-330, ¶ 5 (9th Dist.). As stated in *Robinson*, "'it is not the duty of this court to develop an argument in support of an assignment of error, even if one exists.'" *Id.*, quoting *King* at, ¶ 13, citing *Cardone v. Cardone*,

1998 WL 224934, *8 (9th Dist. May 6, 1998). Accordingly, assignments of error two through four and seven through twelve are overruled.

## ASSIGNMENT OF ERROR 1

**APPELLANT'S CONVICTION FOR AGGRAVATED MENACING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3, OF THE OHIO CONSTITUTION. (TR. PASSIM)**

{¶9}     Mr. Briggs argues in his first assignment of error that his conviction for aggravated menacing was against the manifest weight of the evidence. We disagree.

{¶10}     When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶11}     Mr. Briggs was convicted of aggravated menacing in violation of R.C. 2903.21(A) which provides as follows:

> No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person[.]

"The terms 'knowingly cause another to believe that the offender will cause serious physical harm' in R.C. 2903.21(A) mean that the 'subjective belief of the victim is necessary to establish the crime of aggravated menacing.'" (Citations omitted.) *State v. Wallace*, 2024-Ohio-5084, ¶ 13. "'[A] person can be convicted of aggravated menacing even though the person has not made any movement toward carrying out the threat.'" *Id.*, quoting *State v. Klempa*, 2003-Ohio-3482, ¶ 24

(7th Dist.). The relevant question is whether L.P., M.D. and/or M.H. believed the seriousness of Mr. Briggs' threats.

{¶12} The event giving rise to this appeal was an incident that occurred between Mr. Briggs and L.P., M.D., and M.H. L.P., M.D. and M.H. were in ninth grade at the time of the incident. Each witness testified that they were walking to a car meet when they encountered Mr. Briggs. They each testified that Mr. Briggs yelled for them to "[g]et the hell" off his sidewalk. L.P., M.D. and M.H. testified that Mr. Briggs waved a knife or blade in the air, telling the boys that he was "not afraid" to use the weapon. L.P., M.D. and M.H. believed Mr. Briggs' threat and M.H. called 911. The 911 call was introduced and admitted into evidence at trial.

{¶13} Officer Miltner responded to the 911 call and investigated the incident. He testified that a lawn mower blade, Sawzall blade, and box cutter were found in Mr. Briggs' possessions. Officer Miltner testified to the physical harm that can be caused by these weapons. He testified that these types of weapons can cause "[l]aceration[s], . . . sever a body part, cause serious physical harm, bleeding, loss of blood, even possible death."

{¶14} Officer Carlo inventoried Mr. Briggs' belongings after his arrest. The belongings included "four full shopping carts[]" that were with Mr. Briggs at the time of the incident. Officer Carlo testified that a lawn mower blade, Sawzall blade, and box cutter were found in Mr. Briggs' shopping carts.

{¶15} Mr. Briggs does not deny that he yelled at L.P., M.D. and M.H. Further, he does not deny that a lawn mower blade, Sawzall blade, and box cutter were found among his possessions. Mr. Briggs denies brandishing, waving, or threatening the boys with a knife or blade.

{¶16} The boys were consistent in their testimony that Mr. Briggs waved a knife or blade at them, telling them that he was "not afraid" to use the weapon. The boys called 911 because they

believed that Mr. Briggs would use the weapon on them. Three blades were found in Mr. Briggs's possession. From these facts, the jury could have found the boys' claim that they believed Mr. Briggs would harm them to be credible.

{¶17} "It is well-established that 'a trier of fact enjoys the best position to assess the credibility of witnesses.'" *Wallace*, 2024-Ohio-5084, at ¶ 5 (9th Dist.), quoting *State v. Tyus*, 2020-Ohio-4455, ¶ 57 (9th Dist.). *See also Prince v. Jordan*, 2004-Ohio-7184, ¶ 35 (9th Dist.) In this case, the trial testimony of the three victims was consistent with their call to 911 at the time of the incident and consistent with each other's testimony regarding Mr. Briggs' threats and his brandishing of a blade while he yelled at them. This consistency could have led the jury to find the victims' testimony credible. "This Court will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version." (Internal quotations and citations omitted.) *Wallace* at ¶ 5.

{¶18} Having reviewed the entire record, we cannot conclude that this is an exceptional case in which the evidence weighs heavily against the conviction. *See State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Mr. Briggs' manifest weight of the evidence argument, as asserted in his first assignment of error, is overruled.

## ASSIGNMENT OF ERROR 5

**THE TRIAL COURT ERRED BY WA[I]VING STANDBY COUNSEL AWAY FROM DEFENSE TABLE AFTER HE HELPED [MR. BRIGGS] (SEE APPENDIX "A"). STATE VS. ARCURI[,] 2024[-]OHIO-4825 (9TH DISTRICT)[.]**

{¶19} Mr. Briggs argues in his fifth assignment of error that the trial court erred by waiving standby counsel away from the defense table. Mr. Briggs does not identify the part of the record on which he relies to support this argument. A review of the record indicates only that Mr.

Briggs declined assistance from standby counsel when the trial court suggested that "maybe your standby counsel can help you out here."

{¶20}   Mr. Briggs has not identified the part of the record on which he relies to support his fifth assignment of error and this Court does not see anything in the record that would support this argument in its independent review. An appellant has the burden of citing to portions of the record that support his argument, but Mr. Briggs has not done so.  The argument raised in the fifth assignment of error does not comply with App.R. 16(A)(7) and it is, accordingly, overruled. *See* App.R. 12(A)(2).

### ASSIGNMENT OF ERROR 6

**PROSECUTOR LE[A]D WITNESS BY PICKING UP PIECE OF METAL AND SAYING [L.P.] SAID IT WAS THIS ONE. STATE VS. DRUMMOND[,] 2006[-]OHIO-5084 (SUPREME COURT OF OHIO)[.]**

{¶21}   Mr. Briggs argues in his sixth assignment of error that the prosecutor improperly informed a testifying witness that a prior witness had identified a specific blade as the one Mr. Briggs had brandished. Again, Mr. Briggs does not identify the part of the record on which he relies to support this argument.

{¶22}   Upon our independent review of the record, we note that the State informed M.D. during direct examination that L.P. had identified the Sawzall blade as the blade Mr. Briggs had brandished. Mr. Briggs objected and, after addressing and overruling the objection, the State asked M.D. if the blade "look[ed] like the blade that Mr. Briggs had?"  M.D. testified that he saw Mr. Briggs with a knife or blade and that the blade looked like the one he saw in Mr. Briggs' hand. L.P. and M.H. similarly testified that they saw Mr. Briggs brandish a knife or blade. Three blades were found in Mr. Briggs' possession.

{¶23} Assuming the prosecutor acted in error when he informed M.D. that L.P. identified State's Exhibit 3, Mr. Briggs does not explain how this resulted in prejudice. He does not allege or explain how the result of trial would have clearly been different but for this alleged error and this Court will not create such an argument on his behalf. *State v. Riffle*, 2010-Ohio-2812, ¶ 22-23 (9th Dist.) (assuming a prosecutor's question was asked in error, assignment of error overruled where the appellant failed to explain how the question resulted in prejudice); *State v. Jones*, 2017-Ohio-636, ¶ 26 (9th Dist.) (assignment of error overruled where appellant failed to explain how he was prejudiced by the trial court's ruling and the state's leading question on direct examination). M.D. testified that he saw a blade independent of any leading question and each of the blades Mr. Briggs possessed at the time of his arrest could have caused a reasonable person to believe he could do them serious physical harm.

{¶24} Because he has made no attempt to explain how he was prejudiced by the court's ruling, we will not construct an argument on his behalf. *See* App.R. 16(A)(7); *Cardone,* 1998 WL 224934 at *8 (9th Dist. May 6, 1998). Mr. Briggs' sixth assignment of error is overruled.

III.

{¶25} Mr. Briggs' assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

DENNIS BRIGGS, pro se, Appellant.

GREGORY A. HUBER, J. MATTHEW LANIER, and MEGAN A. PHILBIN, Prosecuting Attorneys, for Appellee.