**[Cite as *State v. Drummer*, 2025-Ohio-4710.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 2024CA0099-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAWAAN A. DRUMMER | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 2023CR0877 |

## DECISION AND JOURNAL ENTRY

Dated: October 14, 2025

---

STEVENSON, Presiding Judge.

{¶1} Defendant-Appellant, Jawaan Drummer, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} In November 2023 just after 1:20 a.m., Officer Seth Petit stopped a vehicle that was traveling over 100 m.p.h. The vehicle had four occupants: the driver, two backseat passengers, and Mr. Drummer, the front seat passenger. When Officer Petit spoke with the driver, he smelled the odor of raw marijuana coming from the vehicle. He asked the driver how much marijuana he had in the vehicle. The driver responded, "I don't have any," while emphasizing the "I" in his statement. His answer caused Officer Petit to believe it was one of the passengers who had marijuana. He decided to search the vehicle and contacted the Ohio State Highway Patrol for assistance.

{¶3}    Sergeant John Nemastil responded to Officer Petit's request for assistance.  The sergeant approached the vehicle to speak with Mr. Drummer.  As he did so, he also detected the odor of raw marijuana.  Before having Mr. Drummer exit the vehicle, Sergeant Nemastil asked him whether there were any weapons in the vehicle or on his person.  Mr. Drummer admitted there was a gun in a bookbag at his feet.  The police found a loaded .40 caliber handgun inside the bookbag.  They also found raw marijuana and edibles inside the center console of the vehicle and marijuana in a second bookbag in the backseat.

{¶4}    A grand jury indicted Mr. Drummer on one count of improperly handling firearms in a motor vehicle and one count of carrying a concealed weapon.  Each of his counts included a forfeiture specification for the .40 caliber handgun.  Mr. Drummer moved to suppress evidence, challenging the length of the stop and the legality of the search the police conducted.  Following a suppression hearing, the trial court denied his motion.

{¶5}    Mr. Drummer withdrew his initial plea and entered a plea of no contest.  The matter then proceeded to sentencing.  The trial court imposed a total sentence of 18 months of community control.  It also ordered the forfeiture of the .40 caliber handgun.

{¶6}    Mr. Drummer now appeals from his convictions, assigning two errors for review.  For ease of analysis, we consolidate his assignments of error.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT'S FINDING OF FACTS WAS IMPROPER THAT THERE WAS NO REASONABLE SUSPICION TO EXTEND THE TRAFFIC STOP.**

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT'S FINDING OF FACTS WAS IMPROPER BECAUSE THERE WAS NO PROBABLE CAUSE TO SEARCH THE VEHICLE.**

**{¶7}** In his first and second assignments of error, Mr. Drummer argues the trial court erred when it denied his motion to suppress. According to Mr. Drummer, the police lacked reasonable suspicion to extend the traffic stop that occurred and lacked probable cause to conduct a vehicle search. For the following reasons, we reject his arguments.

**{¶8}** "The review of a motion to suppress evidence is a mixed question of law and fact." *State v. Diaw*, 2025-Ohio-2323, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside*, 2003-Ohio-5372, ¶ 8, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). "An appellate court reviewing a motion to suppress accepts the trial court's findings of fact if they are supported by competent, credible evidence and reviews its legal conclusions de novo." *Diaw* at ¶ 8, citing *Burnside* at ¶ 8.

**{¶9}** "It is well-established that a police officer who observes a traffic violation possesses reasonable suspicion to conduct an investigatory stop." *State v. Jackson*, 2015-Ohio-2473, ¶ 15 (9th Dist.). In general, "[a]n investigative stop may last no longer than necessary to accomplish the initial goal of the stop." *State v. Rackow*, 2008-Ohio-507, ¶ 8 (9th Dist.). If, however, during the investigatory stop "the officer discovers additional facts from which it is reasonable to infer additional criminal activity[,] the officer is permitted to lengthen the duration of the stop to investigate such suspicions." *State v. Williams*, 2010-Ohio-3667, ¶ 15 (9th Dist.). *Accord State v. Robinette*, 80 Ohio St.3d 234, 241 (1997). The question is whether, under the totality of the circumstances, the officer possessed reasonable suspicion to extend the detention. *See State v. Ross*, 2012-Ohio-6111, ¶ 8 (9th Dist.).

**{¶10}** The trial court found that Officer Petit conducted a constitutionally valid traffic stop based on speeding. It also found that he and Sergeant Nemastil conducted a valid search of the

vehicle and its contents based on (1) the odor of raw marijuana, and (2) the statement the driver made to Officer Petit when questioned about marijuana. The court found that both Officer Petit and Sergeant Nemastil offered credible testimony. It concluded that the officers had probable cause to extend the traffic stop and search the vehicle and the bookbags inside it. Thus, the court denied Mr. Drummer's motion to suppress.

{¶11} Mr. Drummer argues the trial court erred when it denied his motion to suppress. He offers a single sentence in support of each of his assignments of error. He argues the court erred when it found there was probable cause to extend the traffic stop because "[t]he reason for the stop was over and the traffic stop was unconstitutionally prolonged." He argues the court erred when it found that Officer Petit was justified in searching the vehicle because "[t]here was no probable cause to search the vehicle." Mr. Drummer has not offered any analysis in support of either of his assignments of error.

{¶12} "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *State v. Briggs*, 2025-Ohio-1966, ¶ 8 (9th Dist.), quoting *Robinson v. Bishop*, 2024-Ohio-4828, ¶ 15 (9th Dist.). Thus, it is not the duty of this Court to construct and address an argument on an appellant's behalf. *See* App.R. 16(A)(7); *State v. Baskerville*, 2017-Ohio-4050, ¶ 52 (9th Dist.). We have recognized that an appellant cannot satisfy his burden on appeal by "'merely setting forth conclusory statements[.]'" *State v. Marshall*, 2025-Ohio-2283, ¶ 16 (9th Dist.), quoting *Pietrangelo v. Lorain Cty. Pr. & Pub. Co.*, 2017-Ohio-8783, ¶ 23 (9th Dist.), quoting *In re B.P.*, 2015-Ohio-48, ¶ 10 (9th Dist.).

{¶13} Upon review, Mr. Drummer has not satisfied his burden on appeal. He has not constructed an argument that is supported with citations to the record and legal authority. *See*

*Briggs* at ¶ 8, quoting *Robinson* at ¶ 15.  He has only offered a conclusory statement in support of each of his assignments of error.  This Court will not conduct an analysis on his behalf.  *See* App.R. 16(A)(7); *Baskerville* at ¶ 52.  For that reason, his assignments of error are overruled.

III.

{¶14}  Mr. Drummer's assignments of error are overruled.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.