[Cite as *Beachwood v. Preston*, 2026-Ohio-2320.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CITY OF BEACHWOOD, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115540 |
| v. | : | |
| JAZMANE PRESTON, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 18, 2026

Criminal Appeal from the Shaker Heights Municipal Court
Case No. 25TRD03638

***Appearances:***

Nathalie E. Supler, Assistant Law Director, City of
Beachwood, *for appellee.*

Jazmane Preston, *pro se.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} On June 1, 2025, Jazmane Preston ("Preston") was stopped by Beachwood police and charged by the City of Beachwood ("the City") with violating Beachwood Cod. Ord. ("BCO") 436.091 (expired or unlawful plates), 438.13 (failure to display two headlights), and 436.72 (driving under financial responsibility

suspension or driving under nonpayment of judgment suspension). After the charges were filed in the Shaker Heights Municipal Court, Preston, pro se, filed a "Petition for Declaratory and Injunctive Relief." In this motion, she alleged that the Beachwood Codified Ordinances that she was accused of violating were unconstitutional as applied and attempted to make a distinction between "automobile" and "motor vehicle." The court denied the motion, pertinently finding that motions for declaratory relief and injunctions are civil remedies and that constitutional challenges are better suited for trial rather than arraignment. The automobile-versus-motor-vehicle argument was summarily rejected as a "sovereign citizen" argument or similar.

{¶ 2} After Preston's arraignment, the court journalized, "To preserve the Defendant's rights the Court enters a NOT GUILTY plea on behalf of the defendant."[1] Trial was set for August 4, 2025. Three days later, Preston filed motions to "reconsider denial of defense," that was denied, and to compel discovery, that the court addressed by ordering: "All discovery is to be exchanged prior to pretrial." On July 24, 2025, Preston filed requests for (1) "intention to use evidence," and (2) "finding[s] of fact for motion to reconsider." The court denied the motion for findings of fact on the motion to reconsider.

{¶ 3} Trial commenced on August 4, 2025. Preston indicated that she was not ready for trial, stating:

[1] A transcript of the arraignment is not in the record before this court.

So, I have filed a few motions into the Court. Now they were denied under sovereign citizen rhetoric. Now, from further investigation under the statutes and codes ordinances that I have been charged, I realized I may have misunderstood the charges that were being brought against me because they have not been read to me completely. So I didn't really understand the nature of the charges at the time.

Upon further review, I've realized that the ordinance does actually encompass all vehicles to have registered plates while driving on the public highways, however it conflicts with general laws because under the state statute it does restrict it to motor vehicles and both the state and the municipal ordinance define vehicle and motor vehicle. And I'm basically saying it's unconstitutional as applied because it conflicts with general laws because it expanded the scope for motor vehicles under the state statute to vehicles under the ordinance.

So my paperwork didn't necessarily describe that because I was under the impression that they mimicked each other until further investigation.

Now as far as the license suspension, it also talked about I was not able to drive a motor vehicle. And I understand that there's a presumption that my car is a motor vehicle because of the license plate and my car being registered and because of the title having it defined as a motor vehicle as well. Now it has been since overturned, the Chevron Doctrine which did allow the BMV to be able to clarify ambiguities that, you know, were — could be easily presumed and there is, the Ohio Supreme Court does recognize that there is a barrier in understanding with legal ease from the average person understanding.

Now I did provide some case law that explains that there is a difference between a motor vehicle and an automobile so the license suspension, although at the time it was in place, it was only restricting my movement as far as a motor vehicle, but did not need to impede on my use of an automobile.

So the case law that I've provided was the City of Dayton v. DeRose.

(Tr. 4-5.)

{¶ 4} Preston again argued that her constitutional rights to due process and to understand the nature of her charges had been violated. She also revived her argument distinguishing between motor vehicles and automobiles. After significant discussion between the court and the parties, Preston continued asserting that her constitutional rights were and continued to be violated. The matter proceeded to trial.

{¶ 5} The State's sole witness was Officer David Miller ("Ofc. Miller") who had been employed by the City of Beachwood for approximately ten years and was the officer who engaged Preston in a traffic stop. He testified that on June 7, 2025, he observed Preston driving a black Buick LaCrosse with a nonfunctional passenger-side headlight. He checked the license plate in LEADS, a software used for identifying vehicles, and discovered that Preston's license plate expired a year ago and that she had multiple active warrants.[2] Preston was issued a traffic citation.

{¶ 6} Preston cross-examined Ofc. Miller. Her cross-examination centered on Ofc. Miller allegedly running a red light in order to engage Preston in a traffic stop and asking him to distinguish between "vehicles" and "motor vehicles." (Tr. 55-57.) Preston did not elect to testify on her own behalf. In her closing argument, she again argued that the ticket itself did not adequately inform her of the offenses for which she was being charged.

---

[2] When asked why she did not renew her license plates, Preston testified that "I guess you could say I'm protesting it because I feel like, based on the laws that I've read and based on the cases that I've seen, I don't believe that my car is a motor vehicle." (Tr. 78.)

**{¶ 7}** The court found Preston guilty of all three violations. Prior to sentencing, Preston informed the court in mitigation that she was beginning a new job and asked the court to show leniency because she cares for and supports her disabled son. The court sentenced her to pay $75 for driving under suspension; $20 for the headlight violation; and $30 for the expired license plates.

**{¶ 8}** Preston appeals, assigning six errors for our review:

1. The trial court erred by entering a not-guilty plea on Appellant's behalf without ensuring that Appellant understood the nature and cause of the accusations, in violation of constitutional due process.

2. The trial court erred by dismissing Appellant's petition for declaratory judgment and injunctive relief rather than liberally construing it as a pretrial motion to dismiss or to grant appropriate relief.

3. The trial court erred by refusing to engage in judicial review, by failing to clarify the nature and cause of the accusations, and by allowing the prosecution to proceed on a facially deficient ticket lacking the required statutory specificity.

4. The trial court erred by accepting the testimony of an officer who admitted to violating traffic law in effectuating the stop and who acknowledged the absence of any public-safety threat, rendering the stop an arbitrary and unreasonable exercise of police power.

5. The trial court erred by convicting Appellant of driving under suspension for financial responsibility after Appellant rebutted the prima facie evidence of non-insurance by providing proof of valid insurance consistent with R.C. 4510.16(C).

6. The trial court erred by exhibiting judicial bias and creating the appearance of impropriety through prejudicial remarks, refusal to review Appellant's legal arguments, mischaracterizing filings as "sovereign citizen rhetoric," refusing to clarify its role, and appointing a temporary judge solely to deny Appellant's motion, in violation of Appellant's right to an impartial tribunal.

{¶ 9} Preston's first assignment of error argues that the trial court erred in entering a "not guilty" plea on her behalf during arraignment. Preston refers us to *State v. Engle*, 74 Ohio St.3d 525 (1996), holding that pleas must be made knowingly, intelligently, and voluntarily; she argues that the court, in entering a plea on her behalf, caused the plea to be unknowingly and unintelligently made.

{¶ 10} *Engle*, however, is inapplicable to this matter because Preston did not engage in a change-of-plea or plea agreement like the defendant in *Engle*. *Engle* contemplates a change-of-plea situation, not the initial plea entered during arraignment. Accordingly, *Engle* is distinguishable. "The authority of a trial judge to enter a not guilty plea for a defendant who declines to enter a plea on his [or her] own behalf is well-established." *State v. Collins*, 1994 Ohio App. LEXIS 3297, *7 (2d Dist. July 29, 1994). Indeed, the trial court's entrance of a not-guilty plea preserved Preston's right to a trial, which was her clear preference during the entirety of this matter. We thus overrule Preston's first assignment of error.

{¶ 11} Preston's second assignment of error argues that the court erred in failing to "liberally construe" her pro se filings in accordance with *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Preston relies on the *Estelle* Court's quotation to *Haines v. Kerner*, 404 U.S. 519 (1972), reiterating that "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers. . . .'" *Estelle* at 106, quoting *Haines* at 520.

{¶ 12} As succinctly held by the Ninth District: "'Pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally

construed so as to decide the issues on the merits, as opposed to technicalities.'" *State v. Goldshtein*, 2012-Ohio-246, ¶ 6 (9th Dist.), quoting *Sherlock v. Myers*, 2004-Ohio-5178, ¶ 3 (9th Dist.); *Countrywide Home Loans Servicing, L.P. v. Murphy-Kesling*, 2010-Ohio-6000, ¶ 4 (9th Dist.). Despite this, the Ninth District cautioned that "'a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound.'" *Id.,* quoting *Sherlock* at *id.,* and *Murphy-Kesling* at *id.*

{¶ 13} Upon review of the record, we do not find merit to Preston's contentions. In fact, we find that the trial court specifically considered and ruled on every motion that Preston filed and continued entertaining Preston's oral motions at trial. The trial court reminded Preston that she had already argued many of her concerns in briefings filed prior to trial and that the court had already ruled on them. This includes Preston's arguments that the specific ordinances were unconstitutional, especially given that these arguments were unsupported by caselaw or legal authority beyond Preston's interpretations of the United States and Ohio Constitutions, which are not grounds for relief. Further, the court's refusal to rule on motions that it had already ruled upon does not indicate that the court failed to "liberally construe" Preston's pleadings; to the contrary, the trial court specifically made sure that each motion was ruled upon. Finally, even though Preston claims that the trial court should have construed her various motions differently, we find that the resolution of this assignment of error does not change. Our review of the

record indicates that every point argued by Preston was addressed in some form by the trial court. Preston has not pointed to, and we have not located, a specific place in the record where Preston's concerns remained outstanding or unclarified by the court. Preston's second assignment of error is accordingly without merit and overruled.

{¶ 14} Preston's third assignment of error generally contends that she was denied her constitutional right to due process of the law. She argues that despite her protestations, she was never informed of the charges against her. Preston's own statements at trial contradict this. When the court asked whether Preston understood the charges, Preston replied that "at this time for the most part, the only thing I would be not understanding is how my automobile would fall under the motor vehicle definition." (Tr. 19.) Despite the trial court previously dismissing this supposition as "sovereign citizen" or adjacent rhetoric, the trial court entertained Preston's confusion at trial. It addressed the definition of "motor vehicle" and informed Preston that her vehicle was indeed a motor vehicle under the requisite definitions informing her charges. We thus find no error or due process violation and therefore cannot find merit to Preston's third assigned error. It is overruled.

{¶ 15} Preston's fourth assignment of error argues that Ofc. Miller's testimony suggested that he, himself violated traffic rules to effectuate Preston's traffic stop. We note, however, that this assignment of error does not comply with App.R. 16(A)(7), which requires that the appellant's argument for each assignment

of error be supported by citations to the authorities and statutes that appellant relies on and we are enabled to disregard this assignment of error in its entirety.

{¶ 16} We nonetheless elect to briefly address this assignment of error because of our preference for resolving cases on the merits. The court heard all of Preston's contentions during Ofc. Miller's cross-examination where it was suggested that his traffic stop violated traffic laws. These facts were part and parcel of the information that the trial court considered in determining Preston's guilt, and Preston has not demonstrated any error by the trial court in this respect. Assignment of error No. 4 is accordingly overruled.

{¶ 17} In the fifth assignment of error, Preston argues that the trial court erred in failing to consider that her provided proof of insurance rebutted the prima facie presumption of non-insurance under R.C. 4510.16(C). We again note that Preston has failed to cite to relevant authority in accordance with App.R. 16(A)(7), and accordingly, instead of disregarding this assignment of error, we briefly and summarily address the merits.

{¶ 18} The City concedes that it is undisputed that Preston had active insurance coverage at the time of the traffic stop. The certified driving record introduced into evidence, however, demonstrated that her license was suspended at the time of the traffic stop because she had not provided the Bureau of Motor Vehicles ("BMV") with adequate proof that she was insured. The correspondence attached to Preston's certified driving record indicated that Preston's license had been suspended following a traffic stop in South Euclid because she did not provide

proof that she was insured. Preston accordingly emailed proof of insurance to the BMV. The BMV responded that the proof that sent was unacceptable because it was missing policy information and instead asked Preston to send an insurance ID card, declarations page, or letter from an agent. It does not appear that Preston ever responded to this request; thus, her license was still suspended at the time of the traffic stop. Based on this record, it was not error for the court to find that Preston's driver's license had been suspended at the time Ofc. Miller engaged her in a traffic stop.

{¶ 19} Preston's sixth and final assignment of error relates to her belief that the trial court was unfair, biased, or prejudiced. Preston argues that the trial court's summary denial of a portion of her first motion as "sovereign citizen rhetoric" "improperly delegitimized [Preston's] claims and signaled a predisposition against considering constitutional issues." Preston, however, does not refer us to any specific places in the record demonstrating that the trial court was prejudiced. She instead cites to the trial court's refusal to consider motions that it had already considered that we have already deemed a proper exercise of judicial discretion. Moreover, the record indicates that the trial court entertained most of Preston's statements and questions at trial, even though it had previously ruled on some of them. Preston has not demonstrated that the trial court was unfair or prejudiced toward her. We accordingly overrule Preston's final assignment of error.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MICHAEL JOHN RYAN, P.J., and
EILEEN A. GALLAGHER, J., CONCUR